## JOHN HAIR *vs* WILLIAM BELL.

GRANE ISLE,
*January,*
1834.

Hair
*vs.*
Bell.

The plaintiff entered into the service of the defendant under a written contract, by which he was to be employed and to labor for the defendant one year, who was to pay him therefor $180 ; and in pursuance of said contract, [plaintiff did work six months, when defendant refused further to employ him. Whereupon, the plaintiff commenced a suit upon the contract aforesaid, before a Justice of the Peace, demanding in damages $100. *Decided,* the court will not on motion dismiss the cause for want of jurisdiction in the justice.

Under such contract, if plaintiff leave the service of the defendant before the expiration of the time without sufficient cause, he cannot sustain an action thereon.

Nor in such case is it a sufficient excuse for leaving, that the defendant put the plaintiff to other work than that specified in the contract, if the plaintiff made no objection thereto.

This was an action of *assumpsit* originally commenced before a justice of the peace, demanding in damages one hundred dollars. The declaration contained a special count on a written contract, alleging that the plaintiff agreed to work for the defendant, as a joiner, for a year, the defendant at the same time agreeing to furnish the plaintiff with work, &c., and at the expiration of the time to pay him one hundred and eighty dollars. There was likewise a general count for work and labor done. Plea, *non-assumpsit.*

At the May Term, the plaintiff made a motion to dismiss the suit, on the ground that the matters in demand exceeded $100, and therefore not within the jurisdiction of a justice of the peace. This motion was overruled.

At the October Term following, upon trial of the issue, the plaintiff produced no evidence in support of his special count, but in support of his general count proved that he labored for the defendant a part of the summer of 1831, and that his labor was worth $15 per month.

The defendant then gave in evidence the written contract specially declared on, in relation to the plaintiff's serving the defendant ; and it was conceded that the plaintiff left the service of the defendant before the term specified in the contract had expired.

The court decided and so instructed the jury, that if the plaintiff left the service of the defendant without sufficient cause, before the expiration of his contract, he could not recover in this action.

The plaintiff then proved that the defendant employed the plaintiff at times in building boats, getting out timber and floating it to the place where it was required for use.

GRAND ISLE,
January,
1834.

Hair
vs.
Bell.

But the court decided that if the defendant put the plaintiff to this service, and the plaintiff performed it without objection, it furnished no sufficient ground for the plaintiff's leaving the defendant's service, nor for a recovery in this action.

The jury found for the defendant: Whereupon, the plaintiff took the exceptions now brought up for consideration.

*Hazen for plaintiff.*—The plaintiff contends he ought to have recovered on the general count for work and labor, notwithstanding the written contract.

1. Because a written contract does not necessarily estop the party from going on the general counts.—*Tuttle* vs. *Mayo*, 7 John Rep. 132.—*Limingdal* vs. *Livingstone*, 1 John. Rep. 36.

2. Because the contract shows that the sum to be paid was not an entire consideration, but so much was to be paid per month.—*Bank of Cumberland* vs. *Patterson*, 2 Peters. Cond. Rep. 501—*Tower* vs. *Barret*, 1 T. R. 133.

3. Because the defendant had himself departed from the contract, and the plaintiff had a right to consider it waived.

The defendant had departed in this, that he agreed to employ the plaintiff in joiner work, and did employ him at lumbering and other work. This was a material part of the contract, as it had an effect on the compensation to be received by the plaintiff.

*G. Harrington for the defendant.*—This cause rests upon two exceptions, either of which, if decided in favor of the defendant, ends the suit.

Ist, To the jurisdiction of the court below. It appears that the plaintiff declared upon a contract for $180, for the breach of which he claims his damages. It being an entire contract, the whole must be proved by the plaintiff and legally sustained, or he has no right to recover. And the defendant must either disprove or show the fulfilment and satisfaction of this contract.

It is true, in suits where the original demand might have been over $100, but endorsed, so that by the plaintiff's own showing, the balance is less than $100, it is settled, a justice has jurisdiction. It is settled also that where the damages are uncertain, as where the jury (without regard-

ing the *ad damnum)* might, from the declaration, or show- <span style="float:right">GRAND ISLE, *January,* 1834.</span>
ing of the plaintiff find more than $100 debt or damages,
the justice has no jurisdiction, which is in accordance with
*Southwick, Cannon* and *Warren* vs. *Merrill,* 3 Vt. Rep. 320.
*Ladd* vs. *Hill,* 4 Vt. Rep. 164.

Hair
vs.
Bell.

The statute giving justices final jurisdiction to $10, and
the decisions upon that statute, are fair illustrations of
what is meant by the words of the statute, " matters in de-
mand."—Stat. p. 139, sec. 5.

The decisions have uniformly been where either the *ad
damnum,* the declaration, or the process are above ten dol-
lars, the county court has appellate jurisdiction.

In this county and before this court, it was held in a
suit, *Hill* vs. *Wait,* when the *ad damnum* was $20, and the
declaration for not serving an execution of $7, that the
county court had appellate jurisdiction.—5 Vt. R. 124.

In a suit, *Church* vs. *Vanduzen,* (see 4 Vt. R. 195,) where
the *ad damnum* was $10, and the claim was $10,67, it was
decided that the county court had appellate jurisdiction.

This rule is applicable in all its bearings in fixing the
jurisdiction of a justice of the peace.

Executory contracts always involve an inquiry just dou-
ble the amount of an executed contract. The contract
and consideration are both subjects of inquiry. In suits
upon notes, or bonds, proving the execution is all. And
where endorsements appear upon a judgment, a note or a
bond, it abridges all inquiry beyond the sum actually ap-
pearing due. And if this balance is less than $100, all
inquiry is within the jurisdiction of a justice of the peace.
But on the other hand, if payments have heen made which
do not appear upon the record the note or the bond, and
the defendant has to plead to avail himself of them, and
the original demand exceeds $100, the justice has no ju-
risdiction.

2d, It is contended that the written contract between
the parties stops all inquiry upon the general counts.

If the plaintiff was willing to labor upon boats, as it ap-
pears he was, under this contract for a year's labor, and
then quits his service and prosecutes his master, and has
his cause in the county court before his year was ended,
it seems the whole blame, moral and legal, is upon him-
self.

GRAND ISLE,
January,
1834.

Hair
vs.
Bell.

The opinion of the court was pronounced by

MATTOCKS, J.—The defendant in the county court mo-ved to dismiss the action for the want of jurisdiction in the justice from whose judgment the cause was appealed. And the first question is, whether the justice had jurisdiction of the cause. The declaration in substance alleges that plaintiff agreed to work as a joiner for the defendant a year; that defendant agreed to employ and furnish him with meat, drink and lodging, a warm shop in winter, and at the end of the year to pay him one hundred and eighty dollars, or so much as should then be due ; that plaintiff labored from the 11th of June to the 8th of January, in pursuance of said agreement, when defendant refused further to employ him or furnish a shop, and concluding to his damage $100. Upon this declaration, what would be the rule of damages? There is none apparent and certain. As the term of actual service was about six months, it might be about $90—half the stipulated price for a year; and the proof might make it more, and possibly less. The plaintiff, in his suit, estimates it at $100. Has the defendant a right, upon this motion, to raise this estimate, which he would not be bound by in an after suit brought before the county court? Or could that court be called upon to prejudge as to the damages? We think not : for aught that appears upon the pleadings, the debt, or matter in demand, was not over $100.

In *Cannon & Warren* vs. *Merrill*, 3 Vt. R. 30, it was decided that in an action of debt on a judgment originally over $100, but paid and endorsed to less, a justice had jurisdiction ; and the court say, " that in all cases where by the rules of pleading, the plaintiff in the form of action is bound to declare for the original amount of his claim, and cannot demand in debt or damages according to the nature of his action less, it is immaterial as it respects the question of jurisdiction, what is the sum actually due." The converse of this proposition is inevitable, that where he is not obliged so to declare, the amount due is the material question. Besides, the $180 was never to be due until the labor was performed, and that not having been done from whatever cause, it has not become due. The value of the whole year's work cannot in any event be

GRAND ISLE,
*January,*
1834.

Hair
*vs.*
Bell.

the rule of damages, when but a part has been perform-
ed ; and the amount of the original subject matters of the
contract can make no difference.

If a pair of horses are sold for $200, and warranted
sound, and $180 paid towards the price, and they are un-
sound, which lessens the value $20, surely a justice would
have jurisdiction in a suit brought to recover the balance
due for the horses, or the damage of $20 for their unsound-
ness.  The motion to dismiss was properly overruled.  The
cause then came on for trial.  The plaintiff proved his per-
formance of certain labor, and that it was worth $15 per
month.  The defendant then gave in evidence a certain
contract between the parties, stating the contract much as
plaintiff had set forth; and it was conceded that the plain-
tiff left the service of the defendant before the time speci-
fied in the contract had expired ; and the court decided if
he did so, without sufficient cause, the plaintiff could not
recover.  This was correct upon the ground that the con-
tract was for an entire year, and not by the month ; and the
performance of the labor was a condition precedent.  The
plaintiff then gave evidence tending to show that the de-
fendant employed the plaintiff at times in building boats,
getting out timber and floating it to the place where it was
required for use.  The court then decided, and so charged
the jury, that if the defendant did put the plaintiff to this
service, and he performed it without objection, it furnish-
ed no sufficient ground for the plaintiff's leaving the ser-
vice of defendant.  That this charge was right, can scarce-
ly admit of a question.  These occasional changes in the
kind of labor, consented to by the plaintiff, (for his silence,
or not objecting, can be deemed nothing less,) could be
no cause nor even excuse for quitting the defendant's ser-
vice.

The judgment of the county court is affirmed.

*Harrington* for defendant.

*Hazen* for plaintiff.