FOR THE

### COUNTY OF CALEDONIA.

APRIL TERM, 1847.

---

PRESENT,

Hon. ISAAC F. REDFIELD,  
Hon. MILO L. BENNETT,  
Hon. DANIEL KELLOGG,  } ASSISTANT JUDGES.  
Hon. CHARLES DAVIS,

---

### JAMES MULLEN v. JAMES GILKINSON, 2D.

It is well settled by repeated adjudications in this state, that if a party, under a contract to labor for a specified period, leave the service of the party with whom he contracted, before the expiration of the time and without sufficient cause, he cannot sustain an action thereon.

It is no sufficient cause for abandoning such contract, that the party was employed, with his own consent, upon work not contemplated at the time the contract was made.

Nor that the person making such contract had difficulty with another person in the service of his employer, and his employer refused, upon his solicitation, to discharge such other person.

BOOK ACCOUNT. Judgment to account was rendered, and an auditor was appointed, who reported the facts substantially as follows.

The plaintiff's account was for about three months' labor, which was performed for the defendant under a contract that he would labor for him seven months, at eleven dollars a month. It appeared that the defendant, not having sufficient work upon his farm to keep the plaintiff busy, employed him, with his consent, in ditching for other people and received the pay therefor himself. It also appeared, that the plaintiff had some difficulty with another person, also in the service of the defendant, and solicited the defendant to discharge such person, and that, upon the defendant's declining to do so, the plaintiff abandoned the service of the defendant and commenced this action to recover for the labor which he had performed under the contract.

The county court rendered judgment upon the report in favor of the defendant. Exceptions by plaintiff.

*J. D. Stoddard* for plaintiff.

———— ————for defendant.

The opinion of the court was delivered by

KELLOGG, J. This was a suit to recover for the personal services of the plaintiff. Upon the facts detailed in the auditor's report, the county court rendered judgment for the defendant; and the question here raised for consideration is, whether that judgment was erroneous. As the services of the plaintiff were rendered under a contract for a fixed period of labor, and as the plaintiff left the service of the defendant without his consent and before the fulfilment of the contract, his right to recover for the services actually rendered must depend upon the fact, whether the plaintiff had sufficient cause for leaving the employment of the defendant. For it is well settled by repeated adjudications in this state, that if a party, under a contract to labor for a specified period, leave the service of the party with whom he contracted, before the expiration of the time and without sufficient cause, he cannot sustain an action thereon. *Hair v. Bell,* 6 Vt. 35.

The question then arises, had the plaintiff sufficient cause to justify his leaving the service of the defendant? The case finds, that the defendant employed the plaintiff a portion of the time in ditch-

ing upon lands other than the defendant's ; but this would furnish no sufficient cause for abandoning the contract, inasmuch as the employment was with the *consent* of the plaintiff. *Hair* v. *Bell, ub. supra.* Indeed, the case does not disclose a single fact, that furnishes the slightest justification to the plaintiff for leaving the. service of the defendant. The services rendered by the plaintiff were under a contract to labor for the defendant seven months. It was an entire contract, and the performance of it was a condition precedent to the plaintiff's right of recovery.

The judgment of the county court was correct and is affirmed.