# FRANKLIN COUNTY,

## JANUARY TERM, 1836.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
"      SAMUEL S. PHELPS,     } *Assistant Justices.*
"      ISAAC F. REDFIELD,   }

FRANKLIN, January,. 1836.

ST. ALBANS STEAM BOAT COMPANY *vs.* WM. H. WILKINS.

In all contracts for service, the performance of the entire term is a condition precedent to the right of recovery, and nothing short of an express stipulation to that effect, will enable the party to recover for part-performance.

If in a contract for service *by the year*, the undertaker would exonerate himself from service during any part of the term, on the ground of custom, he must show, that such is the general understanding of such contracts.

And unless he can show this or some other sufficient excuse, for such absence from the business of the employer, it is an abandonment of the undertaking, and he is not entitled to recover part pay unless he can show, that the employer consented to his return after the absence, and thus waived the forfeiture.

This was an action of assumpsit for money had and received, commenced in the county court. Plea, non-assumpsit and trial by jury.

It appeared in evidence, that on the 2d day of March, 1830, the defendant was appointed by the plaintiffs captain of their steam-boat McDonough, and they sought to recover monies received by him as captain under said appointment. From the course of the trial, the attention of the court and jury became confined to a single subject of dispute, viz, a sum of two hundred and forty dollars, claimed and retained by defendant for his services.

The plaintiff introduced evidence tending to prove that they hired the defendant by the month, at the rate of twenty dollars a month ; that his services were continued for about the period of nine months, and that afterwards (in the winter season of 1830 and 1831) he took a journey to Portsmouth, N. H., to Montreal

and Burlington, and that for most of said time, he did little or no- <span>FRANKLIN,<br>*January,*<br>1836.</span>
thing in the business of the plaintiffs.

The defendant introduced evidence tending to prove, that he Steam-boat Co.
was employed for a year, at two hundred and forty dollars ; that <span>*vs.*<br>Wilkins.</span>
immediately upon his appointment, he received the keys of the
boat and devoted himself to the arrangements preparatory to the
business of navigation ; that when the lake opened, he began his
regular trips and continued them through the season of navigation ;
that he afterward kept the keys and had oversight and care of the
boat through the winter of 1830 and 1831, and was occupied a
considerable portion of said time in settling with customers, collect-
ing in dues and arranging and closing the concerns of said busi-
ness, and that his successor was appointed in March, 1831, to
whom he then delivered the keys of said boat.

It appeared that the journey to Portsmouth was made in Februa-
ry, 1831 ; that it was upon defendant's own business, and that he
was absent about two weeks; and whether the journey to Mon-
treal or Burlington, had any connexion with the business of the
plaintiffs, did not distinctly appear.

The court charged the jury, that if they should find that the
defendant was employed by the month and that the time of his
actual services was less than twelve months, they should return a
verdict in favor of the plaintiffs, for such part of the $240, as the
defendant's actual service, at the rate of $20 a month did not cov-
er, with interest. But if they should find he was employed
for a year, at an agreed salary of $240, they should return a ver-
dict for defendant.

Verdict and judgment for defendant, and to the charge of the
court plaintiffs excepted.

*Beardsley and Stevens for plaintiffs.*
*Smalley and Adams for defendant.*

The opinion of the court was delivered by

REDFIELD, J.—The defendant having retained his full year's
pay, the plaintiffs claim to recover all or a portion of the sum re-
tained, in consequence of the defendant not having performed the
contract on his part.

The court below charged the jury, that the plaintiffs might re-
cover of the defendant, for so much money as he had retained
above his monthly stipend, for the time he was in plaintiffs' employ,
provided they found the fact that the hiring was by the month.—
But they are instructed, that if the hiring was by the year, at a

Franklin,
January,
1836.

Steam-boat Co.
vs.
Wilkins.

stated salary of $240, and defendant had retained his full salary and been absent from plaintiffs' employ any portion of the year, still the plaintiffs cannot recover. This part of the charge we think not correct in the general terms in which it is expressed in the bill of exceptions. The plaintiffs' right to recover depends, of course, upon the defendant's right to retain full pay for a year. The defendant's right to retain full pay does not depend upon the fact, whether the hiring was by the month or by the year. In either case, if the full term of one year's service had been performed, the plaintiff could not recover; and if the full term of one year had not been performed, the plaintiffs must recover either for the deficiency or the entire sum retained, for an abandonment of the contract by the defendant.

The plaintiffs gave testimony tending to show that the defendant was, during the winter season, absent from their employ some three months. They are, of course, entitled to such a charge as that state of facts would require. If this was a voluntary abandonment of the contract and a wilful desertion of plaintiffs' business, the defendant would not be entitled to any compensation for his former service and the plaintiffs should recover the entire sum retained. This results from one of the most obvious principles of the law of contracts. In all contracts for service, which are entire, full performance, on the part of the undertaker, is a condition precedent to any claim for compensation, and nothing short of such a provision in the contract, either express or implied, will enable him to recover for part performance.—1 Swift's Dig. 682, 683—*Cutter* vs. *Powell*, 6. T. R. 321—*Faxon* vs. *Mansfield*, 2 Mass. Rep. 147—*Jennings* vs. *Camp*, 13 Johns. 94.

The testimony clearly tended to show such an abandonment of the contract on the part of the defendant, and the jury should have been instructed how far this would affect the verdict, and also how the defendant might obviate the effect of such testimony. He might show that according to the custom of the country, in such contracts, he was entitled to the winter months, when of course, navigation is closed, to recreate and recruit. We know of no such custom, and have no doubt such is not the understanding in contracts of this class. The master of a steam boat of this character and class, is doubtless expected to collect the dues of the company and superintend the necessary repairs of the boat and machinery, during the winter season. And if he wilfully neglects to perform his duty here, it is an abandonment of the contract, as much as if he had deserted the boat in the season of navigation.

The defendant might show plaintiffs' consent to his absence, or what is most rational to presume, he might show that they consented to his continuing in their employ after his return from his temporary absence and thus avoid the forfeiture, which they were entitled to have insisted upon. But these facts should have been left to the jury. And unless the defendant could satisfy the jury either that he was not absent from plaintiffs' reasonable and necessary employ, or that they consented to the absence, the plaintiffs should have recovered the entire sum retained. But if after such absence, they consented to waive the forfeiture, then plaintiffs should recover all monies retained by defendant, for the time he was absent, unless indeed defendant could show, that by the terms of his contract or the custom of the country in relation to such contracts, he was entitled to such absence, without affecting his wages.

For this error in the charge to the jury, judgment is reversed and a new trial granted.