Allen O. Brown *v.* Frederick W. Kimball.

Orleans.
August,
1839.

In an action of book account, where the plaintiff seeks to recover for labor, the particular terms of the contract, under which the labor was performed, and whether the plaintiff fulfilled, or voluntarily abandoned his contract, are questions of fact to be determined absolutely by the auditor.

In the case of an entire contract for labor, the party cannot recover for *part* performance, if he abandoned the contract without good cause.

This was an action of book account. Judgment to account having been rendered by the county court, an auditor was appointed, who afterwards reported that the plaintiff presented an account for two months and seventeen days work, at twelve dollars per month, amounting to $31,50, in relation to which the auditor further reported, that on the 14th of April, 1838, the plaintiff contracted to work for the defendant for the term of six and one half months at twelve dollars a month, the parties agreeing, at the same time, that the defendant should pay for such labor, at the expiration of said term, fifty dollars in money and twenty eight dollars in sheep, and either party had the right, during the first month of said term, to put an end to said contract if either were dissatisfied ; but if neither party were dissatisfied, during said month, then the plaintiff was not to leave the defendant's employment, without good cause given him by the defendant, until the expiration of the six and one half months ; that the plaintiff commenced work for defendant, under said contract, and worked until the eighth day of July, 1838, when an altercation occurred between the parties relating to drawing a load of boards, and both became somewhat angry ; that after their anger had subsided, they talked over the matter and the defendant wished the plaintiff to work his time out; that the plaintiff continued to work for the defendant two days longer, which ended the week, without expressing any intention of leaving the defendant's employment ; that on the Sunday morning following, the plaintiff informed the defendant that he did not intend to work for him any longer, and alleged, as a reason, that the defendant found fault with him the Friday before, relating to the load of boards; that the defendant objected to plaintiff's leaving, and wished him to work the remainder of the term agreed for, but the plaintiff

did not again return to work but demanded pay for past labor.

From these facts, the auditor decided that, although the plaintiff was not without fault, and though his negligence provoked the altercation between the parties, relating to the load of boards, yet, the language of the defendant was a sufficient cause of dissatisfaction to have justified the plaintiff in leaving the defendant's service at that time, and to have entitled him to twelve dollars a month for the time he had labored ; but inasmuch as he did not then leave, nor make known to the defendant an intention of leaving for that cause, and continued to labor through the day and the next, he thereby waived his right of leaving for that cause. And no new cause having been given by the defendant, the auditor further decided that the plaintiff voluntarily abandoned the defendant's employment, and that he was not entitled to recover for the time he did work.

The plaintiff excepted to the report of the auditor, but the county court overruled the exceptions and rendered a judgment for the defendant to recover his costs.

*Cooper and Redfield*, for plaintiff, cited 2 Peters' Cond. R. 501. 1 Term. R. 133. 6 Vt. R. 383. Chitty on Cont. 275. 1 Term R. 136. 7 East's R. 571. 1 Moore, 106. 2 Taunt. 325.

*John H. Kimball*, for defendant, cited, 8 Vt. R. 54.

The opinion of the court was delivered by

REDFIELD, J.—In this case, the auditor finds that the labor, for which the plaintiff seeks to recover, was done in part performance of an entire contract between the parties for six and a half months labor, and that the plaintiff voluntarily abandoned the contract at the end of two and a half months. Whether the contract was to become absolute for the full term, if neither party elected to determine it at the end of one month, and whether the plaintiff left the employment of defendant without cause, are questions of fact within the absolute province of the auditor to determine, both of which questions he has determined against the plaintiff. Under this state of facts, it is quite impossible for the plaintiff to expect to recover. *Steamboat Co. v. Wilkins*, 8 Vt. R. 54. 1 Swift's Dig. 682, 683. *Faxon v. Mansfield*, 2 Mass. R. 147. *Cut-*

*ter* v. *Powell*, 6 T. R. 321. *Jennings* v. *Camp.* 13 Johns. R. 94.

In a late case it was considered that where the party, in a contract of this character, is prevented from fulfilling his undertaking by sickness, or other inevitable accident, he may recover for part performance. *Fenton* v. *Clark*, 11 Vt. R. 557. This, however, could not aid the plaintiff in this case.

The judgment of the county court is affirmed.