RUTLAND,
*February*,
1841.

## CHARLES RIPLEY *v.* DANIEL CHIPMAN.

Where a person contracted to labor, for another, for the term of seven months,
at a given price per month, and, before the expiration of the time, left his
employer's service, without any justifiable cause; *it was held*, that such
person could not recover for the labor he had performed.

THIS was an action of book account, wherein judgment to account was rendered, in the county court, and auditors were appointed, who subsequently reported, that the plaintiff's account was for labor of plaintiff's son, performed for the defendant. They further reported as follows:—

'The auditors find that the labor was performed under an
'agreement, or contract, that the plaintiff's son, George,
'should work for the defendant seven months, at thirteen
'dollars a month, commencing the 9th day of April, 1838,
'and that the said George left the defendant's service on the
'19th of Aug. 1838, without defendant's consent, and with-
'out any justifiable cause; that defendant gave plaintiff no-
'tice that if his son did not return, he, (defendant) should
'not consider himself holden to pay the son's wages; that
'plaintiff advised and tried to prevail on the son to return to
'defendant's service; but that the son did not return. Up-
'on these facts, the auditors are of opinion that the son not
'having performed the seven months service, the plaintiff is
'not entitled to recover for the time his son did serve, and
'find that there is no balance due from either party.

'There was no evidence before us, showing that the sub-
'ject of wages, so far as regarded the time when they were
'to be paid, was ever named by either party, from the time
'of making the contract to the time of the son's leaving on
'the 19th of August, 1838.

'If the court should be of opinion that the law is different
'from what the auditors have supposed, and that the plain-
'tiff, without causing his son to perform the seven month's
'service, would be entitled to recover wages for the time he
'did serve, then we find that there is a balance due from the
'defendant to the plaintiff of forty-five dollars.'

The defendant excepted to the report, and the county court decided that, from the facts reported by the auditors, the plain-

tiff was entitled to recover against the defendant the sum of forty-five dollars, and rendered a judgment for the plaintiff. The defendant excepted to the decision.

*C. Linsley,* for defendant.

In this case, a performance of the contract, or a legal excuse for a failure, is indispensable to entitle the plaintiff to recover.

There is no distinction between hiring a person for a year or six months, at so much a month, and hiring for the same length of time for a gross sum ; unless, indeed, the wages are payable monthly, as is sometimes the case in manufactories, where the price of labor does not vary with the season.

If the wages are payable monthly, a right of action would accrue at the end of every month.

In this case, there is not the slightest excuse shown for the breach of the contract, and the law lends no countenance to the wanton violation of contracts.

Courts are established to administer justice legally, and no man can claim their aid until, by his own acts, he has laid the foundation of a legal, not a mere equitable claim. *Cutter* v. *Powel,* 6 T. R. 320. —— v. *Lamb,* 7 T. R. 121. *Stark* v. *Parker,* 2 Pick. 267. *St. Albans Steamboat Company,* v. *Wilkins,* 8 Vt. R. 54.

*E. D. Barber,* for plaintiff, contended that the plaintiff's son was not to labor seven months to entitle him to any pay ; that what constituted a condition precedent was a question of law arising from the construction of the contract. 10 East. 295. Doug. 689. 1 T. R. 645–6. Id. 688, 571. 7 Id. 130. 13 Mass. 406. 15 Id. 500. That the contract being for a sum certain, per month, there could be an apportionment.

A contract is entire when there is one debt and one consideration. The entirety must extend not only to the *duty* or *service,* but to the compensation. The promise must go to the whole consideration on both sides. Salk. 65. 7 East. 484. 6 Term R. 320. 3 Stark. Ev. 1764. 1 Saund. Pl. & Ev. 125. 2 Id. 958. 1 H. Bl. 15. 10 East. 295.

Although there is but one agreement, in the case at bar, the pay is apportioned at a certain rate per month, and the plaintiff's claim is for services at a fixed monthly compensa-

tion, and the defendant is entitled to reduce the claim, by deducting the damages he has sustained by reason of the non-performance of as many months' labor as were contracted for. 10 East. 295. Com. Dig. Action F. 5 B. & C. 378. 11 C. L. R. 104. 10 Johns. 203. 7 Vt. R. 224.

In order that an entire term of service should be a condition precedent to a right to recover pay, it must appear that there was an express stipulation to that effect, in the contract, or that the contract was for an entire sum for the entire service, and no case has been decided in this state that establishes a different rule. *Hair* v. *Bell,* 6 Vt. R. 35. *Philbrook* v. *Belknap,* Id. 383. *St. Albans Steamboat Company* v. *Wilkins,* 8 Vt. R. 54.

Although a different rule has been established in New York, it may be remarked that chancellor Kent, in the last edition of his commentaries, says, that the common law rule has been relaxed, and that there may be an apportionment. 3 Kent. 370.

In Massachusetts the doctrine is, that where the contract is entire, as above defined, then the performance of the service is a condition precedent. 2 Mass. 147. 2 Pick. 267. In New Hampshire there may be an apportionment of an entire contract. 6 N. H. R. 481. In South Carolina the same doctrine prevails. In Connecticut the question appears unsettled, and, in England, it would seem from 12 Com. L. 177 and 279, that it has not been there settled that there could not be an apportionment of an entire contract. In *Cutter* v. *Powell,* 6 Term 320, Lawrence J. says that, in relation to hired servants, there may be an apportionment. The adoption of the doctrine for which we contend would be equitable, and do substantial justice between the parties, as it would give to the plaintiff pay for his labor and to the defendant damages for the injury sustained by him in consequence of the plaintiff's not serving the whole term of seven months.

The opinion of the court was delivered by

Royce, J.—The plaintiff claims to recover for services rendered, by his minor son, for the defendant. The defence is, that the plaintiff hired his son to the defendant for the period of seven months, and that the son left the service without cause before that period had expired.

It appears, from the report of the auditors, that the hiring was in April, A. D. 1838, for seven months, at thirteen dollars per month; and that the plaintiff's son worked for the defendant under the contract until the 19th day of August, following, when he left the service against the defendant's will, and without any sufficient or justifiable cause.

The first inquiry is, whether this was a contract for one entire period of seven months, or, in effect, a contract for each one of the seven months by itself or in succession. And that it should be taken in the former sense we think is evident, as well from the mode of estimating the wages, as from the words in which the contract is stated. The parties must have been aware that the labor would not be equally valuable to the defendant through the different portions of the seven months, and yet no difference was made in the rate of compensation. And, according to general usage in contracts of this character, the words here employed to express the length of service contracted for denote a single and entire period of time. Such is surely the more natural and obvious construction.

It is insisted, however, that the contract was at least divisible in point of compensation, so as to entitle the plaintiff to exact payment for the wages of each month by itself. But, from the want of any estimate of compensation intended to apply to each month, separately, and from the absence of any stipulation for part payment during the term of service, we are satisfied that this ground is not tenable. By the terms of this contract the defendant did not undertake to pay for one, two, or three months service, but for the whole seven months at a certain rate.

Assuming, then, that the contract was entire in both the particulars, above considered, we are brought to the important question, whether, upon the facts reported, the plaintiff has any legal remedy for the service performed? An executory contract may be rescinded by the consent of both parties; or one party may have reserved the right to put an end to it at pleasure; or he may acquire such right, in the course of executing the contract, as the result of a previous violation of it by the other party. In all such cases, if the contract is dissolved, the party who has benefitted the other by part performance of it, is left at liberty to claim a recompense

as if he had conferred the benefit without reference to the contract.

The agreement under consideration, has never been terminated by any of these means, but yet remains open and binding. Here, it should be remarked, that the present is not a case of mutual independent promises ; for the defendant's undertaking to pay, was not given in consideration of the plaintiff's undertaking to serve, but in consideration of the service itself. And in order to fix the defendant with a liability, it would become necessary, in declaring upon the contract, to allege a performance of the whole service, or a legal excuse for its non-performance. In other words, the service contracted for would be regarded in the light of a condition precedent. It is clear, therefore, that the plaintiff could not succeed in any action expressly founded on the contract.

There is a class of cases, to which the present is sought to be likened, where works have been executed imperfectly, or varying from the contract, and the party has been allowed to seek a remedy for the benefit actually conferred, by proceeding on a *quantum meruit* aside from, and, in a measure, independently of, the special contract. Several of the cases cited in the argument, are of this description. In those cases, however, two ingredients are usually found which are wanting here, an honest effort and purpose upon the one side, and acquescence and acceptance on the other. They may generally be looked upon as cases of misfortune or mistake, where the party, designing to make a certain description of edifice or improvement, has failed fully to accomplish his purpose, but not through a wanton disregard of his contract. The present, in our opinion, is not a case within the principle or policy of this rule.

We are accordingly brought to the conclusion that, since the plaintiff has voluntarily disabled himself to demand compensation under the terms of his contract, he is without legal remedy for the service rendered in part execution of it.

Judgment of county court reversed, and judgment for defendant.