OLIVER H. BOOTH *v.* ISAAC TYSON, Jr.

Where one party contracts to do a job of work, and another to pay a stipulated price for the same, and the labor is capable of a just division and apportionment, these stipulations will be considered independent, and full performance, not a condition precedent to any right of action, unless it be expressly so stipulated, or is inferrible by strong implication.

In such cases, the party performing labor, less than full performance, will recover the stipulated price, deducting any damages sustained by the other party, from the failure to perform the entire contract.

THIS was an action of book account, in which there was a judgment to account, and reference to an auditor.

The auditor reported that, on the hearing before him, the plaintiff exhibited an account against the defendant, for moulding, done in the defendant's furnace, the just amount of which he found to be $123.88; that the defendant exhibited an account against the plaintiff, together with certain credits to plaintiff, the just balance of which, in favor of the defendant, the auditor found to be $81.49; which balance, deducted from the just amount of the plaintiff's account, left a balance of $42.39, which the auditor awarded to the plaintiff, unless the court should be of opinion that the plaintiff ought not to recover the same, upon a consideration of the following facts found by the auditor, to wit: That, previous to the performance of the work charged in the plaintiff's account, he contracted with the defendant to make him fifty stoves, of a pattern called the " Badger stove," according to a memorandum, specifying the price of each piece of said stove—and one hundred and fifty stoves, of a pattern called the " Heywood stove," according to a like memorandum; that the work charged in the plaintiff's account, was done under said contract, and not otherwise; that the plaintiff left the employment of the defendant, without moulding the number of pieces necessary to complete the said contract, and had never completed the same; and that the defendant, from time to time, as he had opportunity, disposed of, and converted to his own use, the said work of the plaintiff, to wit: the mouldings or pieces of work charged in the plaintiff's account, in the same manner as he disposed of his other wares.

The auditor further reported, that testimony was offered before him, for the purpose of proving that the defendant

had sustained damage and loss, in consequence of the non-fulfilment by the plaintiff, of said contract ; but that, on a hearing thereof, he found that the defendant had sustained no damage in the premises.

Upon the coming in of this report, the court rendered judgment for the plaintiff to recover of the defendant, the said sum of $42.39, reported by the auditor ; to which the defendant excepted.

R. Washburn, for defendant.

In this case, the plaintiff seeks to recover for work done under a special contract, which he has not performed on his part, but has voluntarily and without any excuse, abandoned. The defendant insists, that the contract was entire ; and as the case does not show, that any time was specified in it when the defendant should pay the price agreed upon, the fulfilment of the contract was a condition precedent, to be perfomed by the plaintiff, before he would be entitled to his pay, or any part thereof.

The plaintiff could not sustain an action on the special contract, because he has not performed and fulfilled it on his part, and has no excuse for not fulfilling it ; neither can he, after having voluntarily, and without any excuse, abandoned it, recover on an implied contract. But, if he had fulfilled the contract on his part, he might then sustain an action on the special contract, or recover the money, which would then be due, in the present, form of action. *St. Albans Steam-Boat Co.* v. *Wilkins,* 8 Vt. R. 54 ; *Faxon* v. *Mansfield and his trustee, Holbrook,* 2 Mass. R. 147 ; *Stark* v. *Parker,* 2 Pick. R. 267 ; *Ripley* v. *Chipman,* 13 Vt. R. 268 ; *Countess of Plymouth* v. *Throgmorton,* 1 Salk. 65.

*S. Fullam, Jr.,* for plaintiff, contended that, as the contract was, in effect, by the piece, and was, therefore, capable of being divided and apportioned, and as the defendant received a portion of the pieces and disposed of them, he should pay the plaintiff for what he received. The effect to be given to contracts, he maintained, should be reciprocal between the parties. If the defendant had refused to receive more, the plaintiff could have recovered for what he had furnished, and the damage ; and if the plaintiff did not furnish all he agreed to furnish, he should recover for what he did

furnish — unless the defendant return it — deducting the damages, occasioned by his failure.

He cited, Oliver's Law Summary, 46, 48, 49 ; 1 Chit. Pl. 280–1 ; Chit. on Con. 273, note (o) ; *Bragg et al.* v. *Cole,* 6 Moore, 114 ; *Glazenbrook* v. *Woodrow,* 11 C. L. R. (1 series) 213 ; *Dyer* v. *Jones,* 8 Vt. R. 205 ; *Gilman et al.* v. *Hall,* 12 Vt. R. 510 ; 1 Swift's Digest, 684.

The opinion of the court was delivered by

REDFIELD, J. — In this case, the only question is, whether that portion of the plaintiff's claim, for moulding, upon a contract, to be paid, so much by the piece, (according to which, he has charged,) and to mould, or cast, fifty stoves of one pattern, and one hundred and fifty of the other, the contract being entire, and not performed, can be sustained. The auditor has allowed the account, according to the rule laid down in *Dyer* v. *Jones,* 8 Vt. 205, which deducts damage for the non-fulfillment of the entire contract.

There is no doubt, that, in all contracts, where, by the terms of the contract, either express or implied, entire fulfillment is a condition precedent to any right of action, no recovery, whatever, can be had for part performance. Of this class are all contracts for labor, even where no express stipulation, to that effect, is contained in the contract, if the hiring be for a definite time, and there be no provision for any recovery for part performance. *Steamboat Co.* v. *Wilkins,* 8 Vt. 54 ; *Ripley* v. *Chipman,* 13 Vt. 268 ; *Brown* v. *Kimball,* 12 Vt. R. 617.

But, in this state, it has been held, that inevitable accident will excuse the entire performance, even where it is expressly made a condition precedent. *Fenton* v. *Clark,* 11 Vt. R. 557. This, however, is not, and never was, the English law.

The rule, as stated above, is in strict accordance with the early English cases, but it is a rule of some harshness and severity, if not injustice, and in this state has not, as far as I know, been extended to any other class of contracts, except that of persons hired for a definite term ; and this, perhaps, partly upon the ground of strict authority, and that such contracts are incapable of apportionment — not being of a uniform nature.

Forfeitures are always odious, both at law, and in equity. Conditions precedent, are in the nature of forfeitures ; and, for many years, the courts, both in this country, and in England, have inclined so to construe contracts, as to avoid them. And, in the state of New-Hampshire, the supreme court, in a very elaborate opinion, have excepted even contracts for hiring for a definite term, from this unacceptable doctrine. *Button* v. *Turner, infra.* In this state, too, we have excepted a very extensive class of contracts from its operation, i.e. where the labor is bestowed upon the realty, and was not a hiring for a definite term, but by the piece, as in the present case. This has been done professedly upon the ground that it had become impossible to place the parties *in statu quo;* and, there being no express condition precedent, the court will construe the stipulations, as being independent and apportionable, and thus suffer a recovery for part performance, subject to a deduction for the damages sustained for the nonfulfillment of the entire contract, which could not be done, if entire performance were, strictly, a condition precedent to any right of action ; and no such recovery, in such a case, could be had, if the contract contained such an express condition precedent. The construction, in this state, has been extended to the case of clearing land, *Dyer* v. *Jones ;* and of building stone wall, *Gilman* v. *Hall,* 11 Vt. 510. See, also, *Button* v. *Turner,* 6 N. H. R. 493.

In England in the case of *Oxendale* v. *Wetherell,* 9 B. & C. 386, the court of king's bench, in a very well considered judgment, have extended the same rule of construction to a case of an entire contract to deliver 200 bushels of wheat, at eight shillings per bushel, and a delivery of 135 bushels and a refusal to deliver the remainder, the price then being ten shillings. That case was decided so late as 1829. Although I am aware the New York supreme court, in *Champlain* v. *Rowley*, expressly overruled this decision, as an authority, still, we think the doctrine of the English case the sounder principle. In *Cutler* v. *Clare,* 5 Car. & P. 337, Ch. J. Tindall at N. P., followed the same rule.

The principle of these cases seems to be, that, although the contract is, in one sense, entire, i.e. full performance on the part of the promissor is of the consideration of the contract, yet, if it contains neither expressly, or by strong im-

plication, a condition of full performance, precedent to any right of claim for pay, and is of a uniform nature, and thus capable of just apportionment, the court will consider the promises independent and apportionable, and suffer a recovery for part performance, subject to the deduction of whatever damages the party, entitled to claim full performance, may have sustained.

· This principle will clearly entitle the plaintiff to a judgment on this report, and

The judgment is affirmed.