Winn *v.* Southgate.

### THALES B. WINN *v.* PORTER B. SOUTHGATE.

If one contract to labor for another for a specified term, and leave the service of his employer, before the expiration of the term, without any cause, attributable either to the employer, or to the act of providence, he cannot recover any compensation for the portion of the term during which he in fact labors.

And it makes no difference that the employer, before the expiration of the term, permitted the plaintiff to be absent from his employment for a few weeks upon a journey,—the plaintiff having, after his return, again resumed labor for his employer, under the contract.

Nor does it make any difference, that the plaintiff ceased laboring for his employer, under the belief, that, according to the legal method of computing time, under similar contracts, he had continued laboring as long as could be required of him.

Nor that the employer, during the term, has from time to time made payments to the plaintiff for his labor.

And if, in such case the defendant have made payments to the plaintiff upon the contract, during the term, and the plaintiff, having commenced an action of book account to recover for his services, is defeated, upon the ground that he left the service of the defendant, without legal cause, before the expiration of the term, the defendant can have no recovery against the plaintiff for the amount of payments thus made.

Book Account. Judgment to account was rendered in the county court, and an auditor was appointed, who reported, in substance, as follows.

The main charge in the plaintiff's account was for labor for the defendant for one hundred and thirty one days and a half. The defendant's account consisted of charges of payments made by him to the plaintiff, for the labor, from time to time, while the plaintiff was performing the labor. It appeared that the plaintiff was a journeyman tailor, and the defendant was a merchant tailor. In May, 1841, the defendant entered into a contract with the plaintiff, by which he was to labor for the defendant six months, at $26 a month. Winn's business was to be the pressing of the work done by the girls, and to show them about their work, when required. The plaintiff commenced work, under the contract, May 17, 1841. In September, 1841, the plaintiff wished to take a journey to Boston, and the defendant consented that he might go. Accordingly the

plaintiff left, on the 19th of September, and resumed his work in the shop on the 5th day of October, and continued to work until the 30th of October, which was Saturday. The next day, which was Sunday, he told the defendant that his time was out, and that he should not work for him any more. The defendant told him he was not aware that his time was out, and asked him if he could not stay longer. The plaintiff had understood that another journeyman tailor, in the same village, in a settlement with a master tailor, had claimed, and had been allowed to reckon, *twenty four* working days *as a month;* and it was upon this principle that he reckoned his labor for the defendant at six months, not deducting the time, during which he had been absent upon his journey,—concerning the reckoning, or deducting, of which, nothing was said, by the parties, either at the time of making the contract, or afterwards. On Monday, November 1st, the plaintiff called upon the defendant for a settlement; but the defendant refused, saying that he should not settle with him, until his time was out; and the plaintiff thereupon consulted an attorney, who advised him to return to his labor, and work until the defendant should *agree* that his time was out. On the morning of Tuesday, November 2d, the plaintiff went to the shop, to resume his work, and commenced before breakfast;—but it did not appear that he notified the defendant of his change of purpose, and intention to remain, and the defendant made arrangements for other help in his shop. After breakfast one of the girls in the shop applied to the plaintiff for some directions respecting her work, which the plaintiff refused to give, but referred her to another journeyman in the shop, saying, " all the difficulty in the shop has been laid to me." This refusal was reported to the defendant by the foreman of the shop, and thereupon another journeyman was directed, by the defendant, to take charge of the pressing-jack, at which the plaintiff had usually worked. On being informed of this arrangement the plaintiff went into the lower shop, and inquired of the defendant if he wished him to go on and work out his time, and said that he " hoped to get along without a fuss." The plaintiff told him, that he " had left him (plaintiff) once, and he might take his own course." The plaintiff did not again go to work in the shop.

The county court rendered judgment, upon this report, for the

defendant, to recover his costs; to which decision the plaintiff excepted.

*E. Hutchinson* for plaintiff.

1. Although the contract was *in terms* a hiring for six months, and the plaintiff undertook to perform the whole term,—still, we submit, whether, from the conduct of the parties under the contract, as reported by the auditor, a strict and technical performance to the letter ever entered into the minds of the parties, as constituting a *condition precedent* to any right in the plaintiff to demand payment. It was not so *expressed*, as in *Fenton* v. *Clark*, 11 Vt. 557, and the auditor has not found the fact of such understanding; and the defendant's conduct, to say the least of it, was extremely inconsistent with the idea that *he* so regarded it,—to wit, his consent to the plaintiff's journey below during the six months, as well as the payments, charged in his account, made from time to time from the very commencement of the service.

2. But, treating it as strictly a case of *condition precedent*, the defence cannot prevail, unless the facts reported show, that the plaintiff, whilst the condition was in full force, " *voluntarily and without cause abandoned the contract.*" *Brown* v. *Kimball*, 12 Vt. 617. If he left the defendant's service, under the honest *belief* that the contract was fulfilled, although it should afterwards be decided, upon a balance of testimony, that it was not, it was no abandonment of the contract, within the principle of the decided cases.

And in this case the leaving was not " without cause;" but an excuse is found by the auditor, showing it to have been owing solely to an innocent mistake of the plaintiff in the mode of computation; he having reckoned the time by *lunar* instead of *calendar* months, as the auditor finds he had been informed was practiced in the vicinity.

3. Again, the plaintiff was discharged from the condition, (if it were such,) by the defendant's consenting to the plaintiff's journey to Boston during the stipulated term;—thereby rendering a technical performance impossible. And the condition, having been once released, can never be renewed, as a ground of forfeiture, without some new agreement to that effect. *Fenton* v. *Clark*, 11 Vt. 563. So are the old authorities. 1 Rol. 471 *l.* 47, 50, 52. 3 Com. Dig. 132.

Winn *v.* Southgate.

*Tracy & Converse* for defendant.

The plaintiff is not entitled to recover for his labor. *Steam Boat Co. v. Wilkins,* 8 Vt. 54. `Jennings v. Camp,* 13 Johns. 94. *Faxon v. Mansfield,* 2 Mass. 147. *Sutton v. Tyrrell,* 12 Vt. 79. *Ripley v. Chipman,* 13 Vt. 268. 4 Greenl. 454. 14 Mass. 266. 14 Johns. 484. 2 Pick. 267. He cannot avoid the effect of the rule of law, by saying that he acted in good faith, since he was bound to know the law ; and it is the *law of the land,* and not the party's *mistaken notions* of his duty, which furnishes the rule on which cases are to be decided in courts of justice. The permission given by the defendant to the plaintiff to take the journey to Boston could not abrogate the original contract for labor, and entitle the plaintiff to recover pay for whatever time he labored, unless it was so agreed. No such agreement was proved, or pretended ; but the facts show most conclusively that neither party so understood it.

The defendant was under no obligation to receive back the plaintiff, at the time he returned and offered to serve out his time. *Sutton v. Tyrrell,* 12 Vt. 79. *Lantry v. Parks,* 8 Cow. 63. *Spain v. Arnott,* 2 Stark. 256.

The opinion of the court was delivered by

HEBARD, J. The only question in this case is, whether the plaintiff, by leaving the employment of the defendant, forfeited any claim for the balance of his account ;—for it is only the balance, that is to be affected. If the defendant chose to make payments, before the contract had been fulfilled, he cannot recover them back.

The plaintiff contracted to labor six months. He left, before the time had expired, without any cause, that was *attributable* to the defendant,—nor was it on account of any interposition of providence. It then rests upon the general and fully *recognized* principle, which governed the case of *Ripley v. Chipman* and numerous other cases. We recognize this case as coming within that principle of law ; and when we do that, there is nothing necessary to be said farther, as that principle has been so much dwelt upon, in the various cases that have been decided, that the law is now well understood.

Judgment affirmed.