Green *v.* Hulett.

### JOB GREEN *v.* JOSIAH D. HULETT.

The plaintiff was laboring for the defendant under an entire contract for service, and the defendant, without cause, directed him to leave his employment, and the plaintiff soon afterwards did so. *Held,* that the plaintiff might recover payment for the labor actually performed by him, although he continued at work a few hours after being directed by the plaintiff to leave, and although, upon a subsequent day, he stated, as a reason for not returning to the defendant's employment, that he doubted the defendant's solvency.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed, who reported the facts substantially as follows.

The plaintiff's account was for labor; and that part, in reference to which any controversy was had, was performed under a contract,

Green *v.* Hulett.

made in March, 1845, by which the plaintiff agreed to labor for the defendant seven months, at ten dollars per month, fifty dollars to be paid in money, and twenty dollars to be paid in property, to be delivered at any time through the summer.    The plaintiff commenced labor, under the contract, on the first day of April, 1845, and continued to work until the second day of August.    The plaintiff was unable, by reason of illness, to earn ten dollars per month, and agreed with the defendant, that he would make an allowance on that account ; and the auditor reported, that the plaintiff's labor was worth but eight dollars per month.    On the second day of August, above mentioned, the defendant, being at the place where the plaintiff was at work, had an altercation with the plaintiff, in which, without any justifiable cause, he ordered the plaintiff to leave his employment.    This was about the middle of the day, on Saturday, and before dinner.    The plaintiff did not immediately leave, but continued to work until about three o'clock in the afternoon, when it commenced raining, and he left.    The plaintiff did not return until the next Monday morning, when he informed the defendant, that he should not work for him any longer, but should leave, as the defendant had directed.    The defendant replied, that he could not help it, but that he should not pay the plaintiff for what he had done, if he did not work his time out ; but the plaintiff refused to work for the defendant any longer, and alleged, as a farther reason for leaving, that the defendant was going to "break down" and he (plaintiff) was afraid he should not get his pay.    The auditor allowed the plaintiff's account, as charged, and reported, that there was a balance due to the plaintiff of $17,43.

The county court, November Adjourned Term, 1848,—HALL, J., presiding,—accepted the report, and rendered judgment thereon for the plaintiff.    Exceptions by defendant.

*F. Potter*, for defendant, insisted, that the plaintiff had shown no sufficient excuse for not performing his contract, and cited *Marsh* v. *Rulesson*, 1 Wend. 514.

*D. E. Nicholson* for plaintiff.

The opinion of the court was delivered by

POLAND, J.   The defendant insists, that inasmuch as the plaintiff contracted to work for him for the term of seven months, and the contract was entire, and the plaintiff left before the expiration of the full term, he is therefore precluded from any recovery for that portion of the time he actually worked, and that the case is brought within the decisions in *St. Albans Steamboat Co.* v. *Wilkins*, 8 Vt. 54, *Brown* v. *Kimball*, 12 Vt. 617, *Ripley* v. *Chipman*, 13 Vt. 268, and other cases to the same point.

If the plaintiff voluntarily abandoned the contract, without any good cause, this position would doubtless be correct. But the auditor reports, that on the day the plaintiff left, the defendant had an altercation with the plaintiff, and, without any fault on the part of the plaintiff, or any just cause for so doing, ordered the plaintiff to leave his service and employment.

The doctrine of entire contracts was never, we apprehend, carried to the extent of prohibiting any recovery for a part performance, when the performance of the whole was prevented by the act of the defendant.   The defendant, however, insists, in this case, that, as the plaintiff did not act immediately upon this order to leave, but remained until after dinner, and worked an hour or two, he must be deemed to have waived this discharge by the defendant, and to have left without cause, and so forfeited all claim to payment for his services.   This view of the case does not appear to us to be well founded upon the facts, as reported by the auditor.   It would seem more proper, that the defendant should have retracted his order to the plaintiff to leave, before the plaintiff went away, *if he desired* him to remain, than to hold, that he might keep silent until the plaintiff had left, and then insist upon a forfeiture of his wages.

Neither do we see, that the case is altered by the fact, that on Monday the plaintiff gave an additional reason, why he refused to return into the defendant's service, or that this should have any effect to prevent his recovery.   If the defendant had absolved the plaintiff from any farther obligation to perform the contract, as we think he did on Saturday, it made no difference, what reasons he gave for his refusal to return to his service on Monday.   The ancient, rigorous doctrine, in relation to contracts of this kind, has been much

Porter et al. *v.* Munger.

modified by the decisions made within a few years ; and a party is not allowed to claim the benefit of any such forfeiture, except when there has been a clear breach shown on the part of the party who has performed the service.

From the facts reported we think, the auditor correctly allowed the plaintiff for his labor, and the judgment of the county court accepting his report is affirmed.