SAMUEL FORSYTH v. JOEL HASTINGS.

*Ratification of contract for service, by a minor, for an entire period. Sufficient excuse for a breach of such contract.*

The plaintiff while a minor, contracted to work for the defendant for a year, and worked for him only a part of that time, but until about one month after he became of age.

*Held*, that his continuance in the defendant's service for that length of time after he became of age was a ratification of the previous contract, and that if he then left without sufficient cause, he could not recover for his services before he became of age.

Fault-finding and angry words on the part of the employer, not a sufficient excuse for leaving his service before the expiration of the time for which one has contracted to serve.

BOOK ACCOUNT. The plaintiff contracted to labor for the defendant for a year from the 7th of April, 1852, for $13, per month, and did labor for him until the 3d of August, following, when he left under the circumstances hereafter mentioned.

The defendant was absent from home a considerable portion of the time, and left the plaintiff in charge of the work, and of his other hired hands. On one occasion in hoeing, and an another in haying, the defendant returned and found the plaintiff and the other help idle in the field, and found fault with the plaintiff that he did not keep the men at work, as he ought, and that the work did not progress, as it should, in his absence. On the first occasion the plaintiff requested the defendant to procure some other hand, and refused to continue to labor as foreman ; but, without coming to any different arrangement, did continue to labor as before. On the second occasion, it appeared that the hands were stopping to drink, when the defendant came into the field and found them idle, and some angry words passed between the parties, whereupon the plaintiff, after working till night, quit the service of the defendant, and refused to return, although requested to do so the next day, and on several occasions afterwards.

The plaintiff was a minor at the time of making the contract in question, but became of age, July 13, 1852.

Upon the above facts, reported by the auditor, the county court, December Term, 1853,— POLAND, J., presiding,— rendered judgment for the defendant. Exceptions by the plaintiff.

*T. Bartlett, Jr.,* for the plaintiff.

The promise of an infant cannot be enforced, upon a mere acknowledgment, or partial payment after he becomes of age ; but there must be a direct promise or express agreement to ratify his contract, made with the knowledge that he is not liable, in law, and that his contract could not be enforced but for his confirmation of it. *Smith* v. *Mayo & Weeks,* 9 Mass. 62. *Martin* v. *Mayo et al.,*

10 Mass. 137. *Whitney* v. *Dutch*, 14 Mass. 457. *Ford* v. *Phillips*, 1 Pick. 202. *Barnaby* v. *Barnaby*, 1 Pick. 221. *Thompson* v. *Lay*, 4 Pick. 48. *Wilcox* v. *Roath*, 12 Conn. 550. *Curtis* v. *Patton*, 11 Ser. & Rawle 305. *Hale* v. *Gerrish*, 8 N. Hamp. 374. *Hoit* v. *Underhill*, 9 N. H. 436.

*S. W. Slade*, for the defendant.

The contract of an infant, which may be for his benefit, is not void, but voidable only, and on becoming of age he may ratify his contract as well by his acts, as by express promise. Ch. Con. 35. *Hoit* v. *Underhill*, 9 N. H. 436, *Aldrich* v. *Grimes*, 10 N. H. 194. *Abell* v. *Warren*, 4 Vt. 149.

But he must affirm the whole contract, or avoid it, and cannot avoid that part of it which binds him without avoiding that which is in his favor. *Bigelow* v. *Kinney* 3 Vt. 353. *Richardson* v. *Boright*, 9 Vt. 368. *Morrill* v. *Adin*, 19 Vt. 505. *Weed* v. *Beebe et al.*, 21 Vt. 495.

A contract with a minor which secures to him constant employment, and ample remuneration for his services, is one beneficial to him. 3 M. & Selw. 497. 3 B. & Cr. 487. *Wood* v. *Fenwick*, 10 M. & W. 195.

All continuing contracts made by a minor, or contracts for his benefit, and indeed all contracts voidable by him are presumed to be ratified, and are binding upon him, on arriving at full age, unless he disaffirm, and give notice thereof within a reasonable time thereafter. Ch. Con. 33, 35, 36, 70, 80, 157. *Aldrich* v. *Grimes*, 10 N. H. 194, and cases there cited, *Balch* v. *Smith*, 12 N. H. 437. *State* v. *Dimick*, 12 N. H. 149. *Bigelow* v. *Kinney*, 3 Vt. 353. *Richardson* v. *Boright*, 9 Vt. 368 and cases there cited.

The opinion of the court was delivered by

Isham, J. The plaintiff has brought this action to recover compensation for his labor and services, while in the employment of the defendant, during the year 1852. It appears from the case that the plaintiff contracted with the defendant to labor for him for one year from the 7th of April in that year, for the sum of thirteen dollars per month, and that no proof was offered by the plaintiff

showing a right, if dissatisfied, to determine the contract within that period. We must treat the contract, therefore, as absolute and unqualified in its terms, whatever may have been their arrangments for the previous year. The plaintiff commenced his services under that contract, on the 7th of April, and continued them to the 3d of August in that year, when, in consequence of some fault being found by the defendant, the plaintiff left his employment, and has refused to return and fulfill his contract. If the case rested upon these facts, it is obvious that, this action cannot be sustained; for it has been frequently decided in this state, that under a special contract to work for a given period and for a specific sum, the contract is entire, and if the plaintiff leaves the service of the defendant before the expiration of the time, without sufficient cause, he can sustain no action, nor recover *pro rata* for the services he has rendered. *Philbrook* v. *Belknap*, 6 Vt. 383–85. *Rogers v. Steele*, 24 Vt. 513.

There is nothing stated in the case showing a reasonable excuse for the plaintiff, in leaving the service of the defendant. In the case of *Marsh* v. *Rulleson*, 1 Wend. 514, where a person agreed to work for two weeks, and at the expiration of ten days left the service of his employer in consequence of harsh language from him, it was held, that he could not recover for the ten days service; that not being deemed a sufficient excuse.

The plaintiff, however, was a minor at the time of making that contract, and came to his majority on the 13th of July, 1852. He had the right, therefore, at any time during his minority, or when of full age, to rescind and avoid that contract, and recover a reasonable compensation for his actual services, though he had unreasonably refused to perform his contract. *Moses* v. *Stevens* 22 Pick. 332. In the exercise of that right, however, it would seem, that if damages had been sustained by the refusal of the infant to perform his contract, that such damages should be taken into consideration, and the amount of his recovery would depend, not upon the stipulated price, but upon the benefit and actual value of those services to his employer. *Moses* v. *Stevens*, 22 Pick. 332. *Vent* v. *Osgood*, 19 Pick. 572. *Judkins* v. *Walker*, 17 Maine 38. *Thomas* v. Dike, 11 Vt. 273. *Medbury* v. *Watrous*, 7 Hill, 110, overrul-

ing the case of *McCoy* v. *Huffman*, 8 Cow. 84. *Corpe* v. *Overton*, 10 Bing. 252, overruling the case of *Holmes* v. *Bogg*, 8 Taun. 508. 1 Amer. Lead. Cas. 260.

The whole case, so far as the right of the plaintiff to recover is concerned, rests upon the inquiry whether any fact is stated by the auditor, showing that that contract has been ratified after he became of age. It is stated in the report, that the plaintiff continued in the service of the defendant under that contract, about one month after he was of age. The contract of the plaintiff, though he was a minor, was not void, but voidable, and could be ratified after his majority, so as to render it as legal and binding as if it had been made by him when of full age. We think this contract was ratified by the plaintiff, by his continuance in the service of the defendant for that period after he had arrived at full age. Those services during that time were rendered in pursuance of that contract, and was a recognition of its existence as binding between them, and when once ratified it became a binding contract of the parties from the time it was made. *State* v. *Dimick*, 12 N. H. 194. *Harris* v. *Wall*, 1 Exchequer 122. 1 Amer. Lead Cas. 254, 256. The plaintiff, by the ratification of that contract, has placed himself in the same situation he would have been placed if he had been of full age when the contract was first made. In that event, as he left the service of the defendant in violation of his contract, and without reasonable excuse, he cannot recover for the services he has rendered.

The judgment of the county court is affirmed.