HON. HOYT H. WHEELER,
HON. TIMOTHY P. REDFIELD, } ASSISTANT JUDGES.
HON. JONATHAN ROSS,

---

SEYMOUR AUSTIN *v.* EMERY AUSTIN.

*Contract.*

The plaintiff voluntarily, and without cause, abandoned a contract to build a house for the defendant, before the completion thereof, and sued to recover the contract price. The defendant presented in offset a claim for work done and expense incurred by himself on said job, and for work necessary to be done thereon to complete the same, and for damage for the non-completion thereof by the plaintiff, which was allowed by the referee. *Held*, that the defendant thereby received an equivalent for the performance of said contract, and that the plaintiff was, therefore, entitled to recover the contract price.

ASSUMPSIT. The case was referred, and the referree reported that,

" In the spring of 1872, the plaintiff contracted with the defendant to do the carpenter and joiner work on a certain house,

for $225 and the board of himself and men while doing the job. The defendant was to pay the plaintiff $75 when the frame was up, and the balance upon the completion of the job ; and did pay him, from time to time, money, and delivered him goods, to apply upon the contract.   Towards the last of October, 1872, the plaintiff, without cause, and before said job was completed, voluntarily abandoned the contract, and refused to finish the house, telling the defendant he should do nothing more upon the job.   The defendant in reply to this said to the plaintiff, that if he quit the job he would not pay him anything more.   There was no testimony tending to show that the plaintiff ever gave the defendant any other notice than the one above referred to, of his intention to quit.   This was Saturday evening.   The same evening, and immediately after, the defendant and one of the plaintiff's sons got into an altercation that resulted, after the plaintiff had stepped in to prevent a fight, in the defendant's ordering the plaintiff, ' with all his gang,' out doors ; and they went, and stayed over night at a neighbor's house.   The plaintiff did not return to the defendant's house and finish the job, nor did the defendant request him to.   The plaintiff's abandonment of the contract and notice thereof to the defendant, was the same evening, and just previous to the breaking out of the quarrel."

The referee allowed the plaintiff the full contract price of the job.   The defendant presented an account in offset, for work done and expense incurred by himself on said job, and for work necessary to be done to complete the same, and for damage for the plaintiff's not completing the same according to the contract ; which account the referee adjusted and allowed, and found for the plaintiff to recover a balance of $25.84, subject to the opinion of the court on the facts stated.   The court, at the September term, 1874, ROYCE, J , presiding, rendered judgment on the report for the plaintiff ; to which the defendant excepted.

*Benton, Hill & Cross*, for the defendant, cited *Sargeant* v. *Exrs. of Sargeant*, 18 Vt. 330 ; *Kettle* v. *Harvey & Tr.* 21 Vt. 301.

*Noble & Smith* and *Bryant Hall*, for the plaintiff, cited *Johns* v. *Stevens et al.* 3 Vt. 308 ; *Hazeltine* v. *Smith*, 3 Vt. 535 ; *Stevens* v. *Pearson*, 5 Vt. 503 ; *Steen et al.* v. *Wordsworth*, 17 Vt. 297 ; *White et al.* v. *White, exr.* 21 Vt. 250.

The opinion of the court was delivered by

WHEELER, J. The plaintiff having " without cause and before said job was completed, voluntarily abandoned the contract and refused to finish the house," probably could not have recovered anything for what he had done, had the defendant done nothing more with him about it. But when the defendant brought in an account of labor done and expense incurred by himself on the job, and of work necessary to complete the job, as a claim in his favor against the plaintiff, with a claim for other damages for not completing the contract, in answer to the plaintiff's action for the contract price, and had the same allowed to him in that action, he received an equivalent for the performance of the contract, and in effect made it the same as if the plaintiff had performed it, and entitled the plaintiff to be allowed the contract price at the same time, as a claim in his favor against the defendant. The referee appears to have adjusted the claims of the parties according to this view, and the judgment of the county court upon his adjustment as reported, is correct.

Judgment affirmed.