# RUTLAND COUNTY.

## JANUARY TERM, 1875.

[Continued from Vol. 47, Page 422.]

---

### THE BRANDON MANUFACTURING COMPANY v. MORSE.

*Contract. Time of Payment. Parol Evidence to Vary Legal Effect of Contract.*

When a contract signed by one party only, is accepted by the other party, it becomes binding upon both parties, the same as if signed by both.

A written contract for the sale and delivery of a certain quantity of wood at a stipulated price per cord, did not, in terms, fix the time of payment. *Held*, that the law fixed the time as on demand after delivery, and that the fact that the purchaser made voluntary payments to the vendor before delivery, did not vary the contract.

Parol testimony is no more admissible to vary the clear and settled legal meaning and effect of a contract, than it is to vary its terms. Thus, it was *held* incompetent to show by parol, that at the time the above-mentioned contract was made, the purchaser verbally agreed to pay for said wood as it was delivered. ·

ASSUMPSIT. Pleas, the general issue and offset. Trial by jury, March Term, 1874, WHEELER, J., presiding, and verdict for the plaintiff.

The plaintiff gave in eveidence an agreement in writing, as. follows :-

BRANDON, Dec. 8, 1871.

I hereby agree to deliver to the Brandon Manufacturing Company, at their works in Brandon, before March 15, 1872, one hundred cords of beech and maple wood ; the same to be good and sound, without any crooked limbs, or sticks smaller than a man's wrist ; for the sum of four dollars and seventy-five cents per cord. JOSEPH MORSE.

It appeared that defendant delivered to plaintiff, under this agreement, 23 cords of wood, less 3 cubic feet, the last of which was delivered February 15, 1872 ; that defendant did not deliver

any more ; that he was paid on account thereof, on February 12, $50, and on February 15, $30. Plaintiff claimed to recover the difference between the contract price and the market value of wood of that description in Brandon at the time in question, as damages for the failure of defendant to deliver the balance of the 100 cords, and offered evidence tending to show such market price. Defendant objected thereto, on the ground that the terms of the contract contemplated that payment should be made as fast as the wood was delivered, and that plaintiff did not show or offer to show performance of the contract on its part in this respect. The court overruled the objection and admitted the testimony. Among other questions on this subject, plaintiff's counsel asked the witness, who was president of said company, this question : " What would it have cost you per cord to have supplied yourself from other parties at that time ?" Defendant's counsel objected to the form of the question ; but the court overruled the objection, and the question was allowed. The witness answered that defendant first made known that he should not fulfill the contract about the 1st of March, 1872, and that the sleighing was then so uncertain that it was difficult to make a contract to get wood, and that they could not get a price for so much wood named by any one, that they could not have got the whole for $6.50 a cord, but that they might have got a few cords at that price.

Defendant having been called as a witness in his own behalf, his counsel proposed to inquire of him in regard to the conversation between him and the president. This was objected to. Counsel for defendant stated that he offered to prove such conversation and negotiations, for the purpose of ascertaining the true meaning of the contract, the same being ambiguous upon its face, and susceptible of two interpretations. He also claimed that this evidence was admissible to show what the plaintiff's agreement was, the written agreement being signed only by the defendant. He also offered to prove as a distinct collateral agreement, that the plaintiff, at the time of the negotiations, agreed to pay for the wood as fast as it should be delivered. The court decided to admit any evidence tending to show a modification of the contract after

it was made, but excluded all other evidence under the above offer. The defendant was inquired of as to when these conversations took place, and testified that all the conversation was held at the time the contract was made. Thereupon his counsel did not claim that the contract had been modified, and offered no evidence in that view, but claimed that the conversation, and the prior and subsequent conduct of the parties, were admissible as tending to show the true intention of the contract, and the special agreement in relation thereto, as expressed in the above offer. The evidence, notwithstanding this further claim, was excluded.

Defendant's testimony tended to show that plaintiff refused to pay for the wood as fast as delivered; that there were $29.14 due him for wood delivered when he stopped delivering, and that he stopped because the plaintiff so refused.

Defendant requested the court to charge, that plaintiff was bound to pay for the wood as fast as delivered, and that the failure to so pay excused defendant from further delivery. The court held, that under the contract, defendant was not entitled to pay for any of the wood until delivery of the whole, and refused to charge as requested, and on this subject charged that plaintiff was entitled to delivery of the entire 100 cords within the time specified in the contract, without making payment until the whole should be delivered, and to recover as damages for the non-delivery, the difference in price between what the plaintiff was to pay the defendant and what the plaintiff would reasonably and fairly have had to pay in that market, to procure as much wood and of same quality, to be delivered as defendant was to deliver, after the notice by defendant that he should not fulfill the contract.

Defendant excepted to the various rulings in regard to the admission and exclusion of evidence; to the refusal to charge as requested, and to the charge as stated, so far as the same stated that the plaintiff was entitled to the delivery of the entire 100 cords before payment, and to recover damages for defendant's failure to deliver the full amount.

*Prout, Simons & Walker*, for defendant.

A fair interpretation of the contract shows, that it was the intention of the signer to have payment for the wood as delivered.

The words, "for the sum of $4.75 per cord," fully express this intention.

Had defendant intended to agree to deliver the entire amount before any payment was made, he would have expressed the contract in different language, viz : that he would deliver the hundred cords, of the quality mentioned, on or before the time limited, for the sum of $475. The case shows that the goods were such that they could not be delivered all at one time ; there could not be entire delivery of the wood upon one delivery. It was to be delivered by the cord from time to time, before a specified day, for a specified sum per cord. The partial lots of wood as they were delivered and measured, became the property of the plaintiff. There is nothing in the contract that shows an intention to deliver on credit, but the intention of the maker is, as it appears to us, clearly expressed to the contrary ; for $4.75 per cord conveys the intention of the maker to agree to deliver the wood for payment as delivered. The case shows that plaintiff made payment for part of the wood on delivery, which tends to show that the view claimed by defendant was the view of plaintiff when it first commenced to carry out the provisions of the contract. The case also shows that plaintiff, at.last, refused payment for wood as the same was delivered. If defendant was entitled to such payment, this refusal released him from further performance. *Jones* v. *Marsh*, 22 Vt. 144 ; *Fletcher* v. *Cole*, 23 Vt. 114 ; 1 Greenl. Ev. s. 278.

The contract is meager in its terms, and fails to express in explicit and definite terms, the intention of the maker. It can, perhaps, fairly be construed in two different ways ; one calling for an entire delivery before payment, and the other for payment upon delivery. This deficiency, parol testimony of the conversation and understanding of the parties at the time of making the contract, would supply, and was admissible. Chit. Cont. 103, and note ; *Lowrey* v. *Adams*, 22 Vt. 161 ; *French* v. *Cahort*, 1 Comst. 102.

The contract can hardly, by reason of its meagerness, be regarded as a contract. It is only signed by one of the parties, and should not, in its consideration by the court, be held to the same strict rules as a contract bearing evidence upon its face that

it was deliberately entered into, and in which both parties are bound.

*Ormsbee & Briggs*, for plaintiff.

The question submitted by plaintiff to witness on the subject of damages, was not objectionable.

The only other question to be revised by this court, is as to the admissibility of parol evidence to explain the written instrument declared upon. This is an entire contract, to be performed by the defendant before he is entitled to demand any part of the compensation. *Ripley* v. *Chipman*, 13 Vt. 268; 2 Parsons Cont. 517–519.

There is no distinction in favor of defendant because the contract is executed by him alone. It is for that reason none the less mutual and binding on both parties; and the same rule applies as to admissibility of extrinsic evidence, as though both parties had signed it. *Houghton* v. *Carpenter*, 40 Vt. 588; *Linsley* v. *Lovely*, 26 Vt. 123; *Ford* v. *Yates*, 40 E. C. L. 508. The only question of uncertainty claimed to exist is as to the *time of payment*. But there is no uncertainty in this respect. The law implies payment on demand after delivery. *Ford* v. *Yates, supra;* 2 Parsons Cont. 552, 560, *et seq.*

The opinion of the court was delivered by

PIERPOINT, Ch. J. The contract upon which this action is brought, is in these words: "I hereby agree to deliver to the Brandon Manufacturing Company, at their works in Brandon, before March 15, 1872, one hundred cords of beech and maple wood, the same to be good and sound, without any crooked limbs, or sticks smaller than a man's wrist, for the sum of four dollars and seventy-five cents per cord," and signed by Joseph Morse, the defendant. This contract was accepted by the plaintiffs, who are now seeking to enforce it. When this contract was accepted, it became binding upon both parties, the same as if it had been signed by both. One was bound to deliver the wood, and the other to pay the stipulated price on delivery. The time when the payment is to be made is not in terms fixed by the contract; but the law

fixes it as definitely and with as much certainty as it could be by words. The legal force and effect of the contract is, that the plaintiffs should pay for the wood at the stipulated price, when delivered, on demand. There is no ambiguity about the contract that requires explanation by parol testimony. Parol testimony is no more admissible to vary the clear and settled legal meaning and effect of a contract, than it is to vary its terms. It would hardly be claimed, that under such a contract as this, it would be competent to show by parol that it was agreed when it was made, that payment was not to be made until some time subsequent to the time when the one hundred cords of wood should be delivered. Yet such testimony would be just as admissible as like testimony to show that the wood, or any part of it, was to be paid for before it was all delivered.

This contract is not divisible; it is an entire contract for the delivery of one hundred cords of wood; and the fact that the price is fixed by the cord, does not vary it in that respect. This contract is the same as though the price had been fixed at the gross amount of $475. The fact that the plaintiffs paid the defendant something upon the contract before the wood was delivered, has no effect to vary the contract. Such payment was entirely voluntary, the plaintiffs being under no legal obligation to make it.

We think the evidence offered was properly excluded, and the charge of the court correct.

Judgment affirmed.