JORDAN *v.* FITZ & a.

By the law of Vermont, one who, for insufficient reasons, abandons his contract to haul a specified quantity of timber for $1.50 per thousand feet, can recover for what he has hauled at the price agreed less the damage caused by his breach of the contract.

ASSUMPSIT, to recover for hauling 124,150 feet of spruce logs in the winter of 1877–'8, at $1.50 per thousand.  Facts found by a referee.  The plaintiff contracted to haul to the Connecticut river, in the logging season of 1877–'8, all the timber that J. should yard from lot 57 in Lemington, Vt., for $1.50 per thousand feet.  He hauled 124,150 feet, and then abandoned the contract for reasons that did not excuse him from performance.  The contract was

entered into in New Hampshire, where the parties resided. The land and work to which the contract related were in Vermont. If the court shall be of opinion that the law of New Hampshire applies, or that under the laws of Vermont the plaintiff can recover under a *quantum meruit*, then the finding is that the defendants were benefited by what the plaintiff did in constructing the logging road, and in hauling the 124,150 feet of timber, more than they were damaged, and that the plaintiff recover $10 as damages. The court ordered judgment on the report for the plaintiff for $10 damages and costs, and the defendants excepted.

*Dudley & Remick*, for the defendants.

*J. I. Parsons*, for the plaintiff.

ALLEN, J.   The contract for hauling the timber was to be performed in Vermont, and the construction of the contract must be according to the law of the place of performance. *Dyer* v. *Hunt*, 5 N. H. 401; *Thayer* v. *Elliott*, 15 N. H. 102; *Stevens* v. *Norris*, 30 N. H. 466, 469; *Whitney* v. *Whiting*, 35 N. H. 457, 462, 463; *Low* v. *Railroad*, 45 N. H. 370, 377; *Howard* v. *Fletcher*, 59 N. H. 151.   In Vermont, a person contracting with another to labor for a definite period of time, or to render service which is incapable of apportionment, and voluntarily abandons the service before completion, cannot recover for the part performed, nor upon a *quantum meruit*.   *St. Albans Steamboat Co.* v. *Wilkins*, 8 Vt. 54; *Brown* v. *Kimball*, 12 Vt. 617; *Ripley* v. *Chipman*, 13 Vt. 268; *Winn* v. *Southgate*, 17 Vt. 355; *Mullen* v. *Gilkinson*, 19 Vt. 503; *Forsyth* v. *Hastings*, 27 Vt. 646.   But this doctrine is regarded by the courts of that state as one of severe hardship, sometimes working injustice, and resting solely upon authority, and it has never been extended there beyond contracts for service for a definite time, and those which are incapable of reasonable apportionment, unless they provide for a forfeiture of all benefit when not fully performed. *Booth* v. *Tyson*, 15 Vt. 515, 517.   In contracts where the consideration is not entire or may be reasonably apportioned, recovery may be had for part performance, deducting the damages to the other party for a failure to complete the contract. *Booth* v. *Tyson, supra;* *Dyer* v. *Jones*, 8 Vt. 205; *Gilman* v. *Hall*, 11 Vt. 510.   These cases have not been overruled, and the cases cited by the defendants are not in opposition.   *Kettle* v. *Harvey*, 21 Vt. 301, and *Austin* v. *Austin*, 47 Vt. 311, are both cases of entire contracts, one for repairing a meeting-house and the other for building a house, and in neither of them was the consideration capable of apportionment.   In *Brandon Manf. Co.* v. *Morse*, 48 Vt. 322, the suit was for damages for failing to complete a contract for delivering one hundred cords of wood at $4.75 a cord.   A part of the wood had been delivered by the defendants and paid for, and the question of the defendants'

right to recover *quantum valebat* was not in the case.   The contract in this case provided for a fixed sum for a fixed amount of service, namely, $1.50 for each thousand feet of timber hauled, and though in a general sense it was an entire contract, it was capable of an exact apportionment, and the case is taken from the rule making a failure to complete performance a forfeiture of all benefit under the contract.    The plaintiff is entitled to recover for the amount of timber hauled at the contract price less the defendants' damages for failure to haul the remainder, a sum which the referee has found to be ten dollars.

*Judgment for the plaintiff.*

SMITH, J., did not sit: the others concurred.