*Ormsbee for plaintiff.*
*Royce and Strong for defendant.*

---

## DANIEL H. DYER *vs.* SILAS JONES.

RUTLAND,
February,
1836.

In the case of labor performed on land, under a special contract, but not strictly according to the *terms* of the contract, if it be of some benefit to defendant, the plaintiff may recover on a *quantum meruit*, as much only as the labor is worth to defendant.

The questions in this case sufficiently appear from the opinion of the court, delivered by

REDFIELD, J.—This was an action of book account, in which defendant claimed an offset, of $72 for chopping trees on plaintiff's land, leased to defendant. One of the conditions contained in the lease is " that defendant may chop as much as he pleases at $2,75 per acre," and the manner of performing the work is particularly specified. The defendant charged according to the stipulated price. The plaintiff gave evidence, tending to show that the

RUTLAND,
February,
1836:
Dyer
vs.
Jones.

work was done in such a manner as to be of no value to him. The auditors report, that they allowed defendant what he *deserved to have for the work*, being less than the price agreed, by almost one half. They, of course, find the fact that the work was not performed according to the *terms* of the contract, and the only question is, did the auditors err in allowing defendant to recover for the work as on a *quantum meruit?*

It is well settled that in all contracts for work and labor, which are not performed according to the terms of the contract, and which are susceptable of being rescinded, and where the party for whom the labor is performed, on discovering the inferiority, gives immediate notice, no recovery whatever can be had.—*Ellis* vs. *Hamblin*, 3 Taunton 52.

But where from the nature of the contract it is impossible to put the parties *in statu quo*, as where A builds a house or wall on B's land, or as in the present case, where labor has been performed on plaintiff's land by defendant, from which plaintiff will and must derive *some* benefit and which cannot be transferred to defendant, the party really entitled to it, it has been held that the party performing the labor might recover so much *only* as the labor is worth to the party who *must* have the *benefit* of it. This rule is adopted *ex necessitate*, to prevent one party gaining an unconscionable advantage over the other. The failure to perform the contract strictly according to its terms, may have been rather the misfortune than the fault of the party, but it forever precludes a recovery *upon the contract*, for strict performance is a condition precedent to any right of action. But the laborer is entitled to his own labor, or its product, where it is in such a shape that he can carry it away. In this case he cannot. Hence the rule has been adopted that the laborer may recover as on a *quantum meruit*, or in strictness what the labor is worth to the defendant and no more. Otherwise the party *benefited* would owe no equivalent, and the party laboring would be without all remedy.—*Farnsworth* vs. *Gonard*, 1 Camp. 38.—15 Petersdorff 436, and notes.—1 Swift's Dig. 684.

As the auditors pursued this rule, the judgment of the county court, accepting their report, is affirmed.