WASHINGTON, GEORGE A. GILMAN, WM. H. H. GILMAN AND HENRY COLE
July,
1839.                              *v.* AMASA HALL.

> A. contracts with B. to build sixty dollars worth of stone wall, on the land of B., of a given height and thickness, at a given price per rod. Held, that he might recover on a *quantum meruit*, though he had failed to build some portion of the wall of the height stipulated in the contract.
>
> Held, also, that A. having made the sixty dollars worth of wall, though a part not being of the requisite height, the excess in length being equal to what was wanting in height, B. was immediately liable, and that he could not protect himself, under a contract giving him the right to pay when the contract was performed, or give his note at one year, at his election, he having refused to give his note.

THIS was an action of book account. Judgment to account having been rendered by the county court, an auditor was appointed, who reported the accounts of the parties.

The items of the plaintiffs' account are as follows ;—

| | | | |
|---|---|---|--:|
| 1837, July—No. 1 | To building 15 rods whole wall | | $15,00 |
| 2 | "          "    18 "· half wall, | | 9,00 |
| 3 | To one stone drag, | | 1,00 |
| 4 | To building 20 rods whole wall | | 20,00 |
| 5 | "          "    5 "          " | | 5,00 |
| 6 | "          "    17½ " half wall | | 8,75 |
| 7 | "          "    8 "   "   " | | 4,00 |
| 8 | To butchering sheep | | 25 |
| 9 | To cleaning out barn and laying stable floor | | 1,50 |
| 10 | To use of cart to draw plank | | 50 |
| 11 | To butchering sheep | | 25 |
| 12 | To cleaning away old fence | | 1,50 |
| 13 | To cash to balance on cow and lambs | | 25 |
| | | | $67,00 |

Cr.

| | |
|---|--:|
| By use of oxen as agreed | 2,50 |
| By one colt | 30,00 |
| By one cow and two lambs | 15,25 |
| | $ 47,75 |

The following are the items of the defendant's account ;—

1837, No. 1 To keeping one yoke of oxen 3 weeks  $3,00
2 To boarding three hands  4,50
3 To work, to pay for laying floor and butchering sheep  2,00
4 To one cow and two sheep  15,25
5 To one colt  30,00

$54,75

The auditor further reported, that, from the testimony of the parties and other testimony adduced before him, he found the following facts, viz. ;—

" Sometime in the month of June, 1837, the plaintiffs " made a contract with the defendant to build sixty dollars " worth of wall for him, at the price of one dollar per rod, for " whole wall, and fifty cents per rod for half wall, the whole " wall to be two and a half feet thick on the ground, four and " a half feet high and suitably proportioned, the half wall " to be two feet thick on the ground and three feet high. " The defendant agreed to pay the plaintiffs for building " said wall, one colt at the price of thirty dollars, which the " plaintiffs were at liberty to take away at any time, and the " defendant agreed to keep for the plaintiffs, in the month " of October then next, till the season for foddering, if the " plaintiffs wished, stock enough to amount to the sum of " fifteen dollars, and to pay the plaintiffs fifteen dollars in " money when the wall was done ; or the defendant would " give his note payable in one year from the time said wall " should be done, with interest, as the defendant might " choose.  The defendant agreed to board the plaintiffs, and " keep their team while they should be building said wall, " and to remove the old fence out of the way of building " said wall, and the plaintiffs agreed to have said wall com- " pleted in the month of October, 1837.

" Your auditor further finds, that soon after making the " contract above mentioned, the plaintiffs commenced ma- " king the wall, and made fifteen rods of whole wall, and " eighteen rods of half wall, and delivered a stone drag, " which constitute the three first items of the plaintiffs' ac- " count.  That the plaintiffs used the defendant's oxen to

" draw the stone for said wall, and after they had completed " it, it was agreed that the use of the oxen, which was cal- " led $2,50, should be deducted from the price of the wall " and stone drag, which left $22,50 due to the plaintiffs.

" Your auditor further finds, that in the month of Octo- " ber, 1837, the plaintiffs built twenty-five and a half rods of " whole wall, which constitute the 6th and 7th items of the " plaintiffs' account, and which was built according to the " contract. That the piece of wall, charged as twenty rods, " in the fourth item, and the five rods, in the fifth item, " were not built according to the contract, not being four " and a half feet high, the piece called twenty rods, measu- " ring only nineteen and a half rods,—and, that there ought " to be deducted from the amount of the two last men- " tioned items, the sum of $1,75. The 8th 9th 11th and " 13th items are allowed at the prices charged. One dollar " is allowed of the 12th item, and the remainder of the 12th " and the 10th items are disallowed.

" Your auditor finds that the plaintiffs are entitled to the " sum of $60,00 for building wall, and $4,25 for the other " items of their account, amounting in the whole to the sum " of $64,25.

" Your auditor allows the 4th and 5th items of the de- " fendant's account at the prices charged, and the sum of " $2,50 for the use of oxen as credited to him in the plain- " tiffs' account, amounting to the sum of $47,75, and the " 1st 2d and 3d items of the defendant's account are " disallowed for the want of sufficient evidence to support " them.

" Your auditor further finds, that soon after the wall " was completed the plaintiffs demanded a note of the defen- " dant, for the sum of $15,00, the defendant having pre- " viously informed them that he should not pay the said sum " of $15,00, until the expiration of a year from the time " the wall was completed, which was on the 31st day of Oc- " tober, 1837, and the defendant refused to give a note, on " the ground that the wall was not built according to the " contract.

" If, from the foregoing facts, the court decide that the " plaintiffs are entitled to recover the balance due for build- " ing said wall, in consequence of the defendant's refusal

" to give his note, before the expiration of a year from the "time the wall was completed, then your auditor finds due "and in arrear from the defendant to the plaintiffs, inclu-" ding interest, the sum of $17,54.

"But if the court decide that the plaintiffs are not enti-"tled to recover the balance for building said wall, until the "expiration of a year from the time the wall was comple-"ted, then your auditor finds due from the defendant to "the plaintiffs, the sum of $1,59."

WASHINGTON,<br>July,<br>1839.<br><br>Gilman et al.<br>v.<br>Hall.

The county court decided that the plaintiffs were entitled to recover the sum of $1,59, only. To this decision the plaintiffs excepted.

J. A. Wing, for plaintiffs.

1. The auditor has found the wall to be worth $60,00. Though the work may not have been performed precisely as stipulated in the contract, still the defendant derives a substantial benefit from it, for which he ought to pay. 15 Petersdorff, 436, and notes. Dyer v. Jones, 8 Vt. R. 205. 2 Starkie's Ev. 643, 645, and notes. Farnsworth v. Garrard, 1 Camp. 38. 1 Swift's Dig. 684.

It does not appear that the plaintiffs, intentionally, varied from the contract; on the contrary they acted in good faith.

2. The agreement of the defendant to pay $15,00 when the work was done, or give his note for that sum, payable in a year, was not equivalent to having a year to pay that sum in. The defendant had his election, either to pay the money or give his note. He refused to do either.

The contract was in the nature of one to pay in specific articles on a given day, in which case, if the articles are not delivered or tendered on the day specified, the creditor may maintain an action for the money, without making a demand of payment. Way v. Wakefield, 7 Vt. R. 223.

O. H. Smith, for defendant.

From the whole case, it would seem that the plaintiffs, by accident or design, in building the wall, overrun the length and, therefore, they claimed to deduct the excess from the height, and thus have the work considered completed.

The auditor expressly finds that 24¼ rods of the whole wall was not built as high as the contract required. The performance of the contract by the plaintiffs, was a condition precedent to giving the note, and fixed the time when

the note should become payable. The contract not being performed, no action could be maintained upon it. It seems that the auditor, notwithstanding he found the contract was not performed, by the plaintiffs, treated it as performed in part, and, therefore so far binding, and as to the residue, he determined that the overplus in length is sufficient to compensate for the deficiency in height, and submitted the question to the court to decide, whether the plaintiffs are entitled to recover the $15,00, before the expiration of a year from the time the wall was completed, in consequence of the defendant's refusal to give his note. The plaintiffs did not choose to throw aside the contract, and go upon a *quantum meruit*, so as to endeavor to bring their case within the rule laid down in *Dyer* v. *Jones*, 8 Vt. R. 205. We think they cannot be permitted to patch up a performance of the contract, on their part, and then call for a strict performance by the defendant. See *Ellis* v. *Hamblin*, 3 Taunton 52.

The opinion of the court was delivered by

BENNETT, J.—Two questions are raised in the argument of this case : are the plaintiffs entitled to maintain an action for the balance due them ? and, if so, can such action be brought before the expiration of the year ? It is urged that the plaintiffs, having failed to build a part of the whole wall quite four and a half feet high, as they had contracted to do, have forfeited the right to recover. It will be seen from the report, that the auditor finds that the plaintiffs have built $60 worth of wall, at the prices stipulated, though a part of the whole wall was not quite as high as the contract required. Though the plaintiffs might not be able to recover on the special contract, not having specifically performed it on their part, still we think, according to the current of authorities, they may recover on a *quantum meruit*. It does not appear that the plaintiffs' failure to build some portion of the wall quite four and a half feet high was from design. The defendant has the full benefit of their labor, and principles of common justice require that he should render an equivalent for the benefit received. The labour of the plaintiffs must, from the very nature of the case, be for the permanent benefit of the lands of the defendant, and cannot, in any

way, be made productive to the plaintiffs by a rescinding of the contract. The parties cannot be placed in *statu quo*. The case of *Dyer* v. *Jones*, 8 Vt. R. 205, is an authority for this part of the case.

The auditor finds that the plaintiffs have received $45,00, and that, as to the balance, the defendant, by the agreement, was to pay it when the wall was finished, or give his note payable in one year from that time, at his election. The plaintiffs made application to him, and he refused to give his note for any sum whatever.

The effect of such refusal is to prevent the defendant from claiming any benefit from the alternative of the contract, extending the time of payment, and he becomes immediately liable upon such refusal. We think, therefore, that the judgment below should be reversed, and judgment entered on the report for the plaintiffs to recover the sum of $17,54, as reported by the auditor.