## Preston *against* Finney.

2 WS  53
30 SC  655

An action upon a written contract to recover the price of certain labour and services performed, will not be defeated by proof that the plaintiff failed in some slight particulars in his performance, if it appear that he acted with a *bona fide* intention of fulfilling his whole contract, and the other contracting party received the fruit of his labour as performed.

ERROR to the Common Pleas of *Bradford* county.

Nathan N. Finney and others against Mark Preston. This was an action on the case, in which the plaintiffs declared upon a written contract by which they agreed to cut, haul, and deliver to the defendant, 1000 white pine saw logs, of a specified size, and within a particular time, to wit, by the 15th of March; for which the defendant agreed to pay them $450 — one-half thereof as the work progressed, and the other half on the 1st of June thereafter.

The plaintiffs gave in evidence the agreement, and then proved by witnesses that they had delivered 950 logs according to their contract.

The defendant then gave evidence of payments on account made in December, January, February, April, and May, following the date of the contract, amounting to $222.22, and then gave some evidence tending to show that the logs were not delivered at the place, and of the quality stipulated, and requested the court to charge the jury that the plaintiffs were not entitled to recover unless they had performed their whole contract according to its terms. On that subject, the court below thus instructed the jury:

Conyngham, President.—We further say to you, this contract is for the delivery of the logs by the 15th of March, with payment to be made for the whole by the 1st of June. After the 15th of March, the contract on the part of the plaintiffs, if the whole quantity had not been previously delivered, no longer remained capable of being fulfilled, or within their power to perform: they could no longer comply with the stipulated provisions of the contract to deliver the logs by the specified time, and the defendant might, if he had pleased, have rescinded the whole contract, and refused to receive or keep any of the logs, and then might have looked to the plaintiffs for damages for non-fulfilment of their contract. But if the defendant, instead of taking this course, did receive a portion of these logs (and it would seem from the testimony he did receive at any rate a large portion of the

II. — E*

[Preston v. Finney.]

1000) and retain and convert this portion to his own use, the plaintiffs may, under the declaration filed in this case, recover the apportioned value of the cutting and delivery of the number of logs so received and retained by defendant, with interest from the time payment should have been made; first deducting therefrom the payments made, and any damage which the defendant may be entitled to claim against them for the breach of the contract, in not delivering the stipulated quantity, or as to quality, time, place, and manner of cutting and running, as we have herein before stated to you.

To which charge so delivered the defendant excepted.

Verdict for the plaintiffs for $222, on which judgment was entered.

*Watkins* and *Case*, for plaintiff in error. The plaintiffs below declared upon an entire contract, and alleged performance on their part, which they were bound to prove. The delivery of the whole number of logs was a condition precedent to the right to demand the money from the defendant; and, unless they have shown an entire performance, they cannot recover for less. 2 *Pick.* 267; 2 *Mass.* 147; 10 *Johns.* 203; 12 *Johns.* 165; 13 *Johns.* 94; 19 *Johns.* 340; 4 *Wend.* 604; 2 *Penn. Rep.* 454; 3 *Penn. Rep.* 445.

*Elwell* and *Williston, contra,* admitted the general principle, that when a contract is entire and not susceptible of division, there must be a performance in order to entitle the party to an action upon it. But this is not applicable to the facts of this case. The want of performance was entirely accidental; it was not a wilful refusal of the plaintiff to perform; it could make little difference to the defendant whether he received 950 or 1000 logs: and he was satisfied to receive them, and used them after the time when the contract was to be completed; thereby signifying to the plaintiff his satisfaction with the manner in which he performed his contract. If he had been dissatisfied, he should have given the plaintiff notice that he had rescinded the contract, and refused to receive the logs after the time; but he cannot derive all the benefit of the contract, and then refuse to pay anything because a very small part of it remains to be performed. 1 *Com. Dig.* 225, *Action F*, 2; 17 *Eng. Com. Law* 401; 10 *Johns.* 26; 7 *Pick.* 181; 12 *Serg. & Rawle* 275.

The opinion of the Court was delivered by

SERGEANT, J.—The error complained of in the charge of the court is, in instructing the jury that the plaintiffs might recover the apportioned value of the number of logs delivered, deducting therefrom the damage sustained by the defendant, in not delivering strictly according to the contract. The defendant contends

[Preston v. Finney.]

that the contract being entire, it was incumbent on the plaintiffs to show a performance of all that was stipulated on their part to be performed, and on failure so to do, they are not entitled to recover any thing. The law would undoubtedly be so as a general rule, but there are exceptions. By this contract the whole number of logs were to be delivered by the 15th of March, and it was the duty of the plaintiffs to deliver them by that time; but if the defendant, as seems to have been the case, went on under the contract afterwards, paying money, and receiving and using logs delivered, it is too late now to object. He must be considered as having waived the performance by the plaintiffs at the exact time stipulated; and the contract is to be treated as still subsisting in other respects. *Shaw* v. *The Turnpike Company*, (3 *Penn. Rep.* 445).

If this be so, then the defendant says it was the duty of the plaintiffs to fulfil the contract in all other respects, and to have gone on and delivered the whole 1000 logs according to its terms; whereas the plaintiffs cut and delivered only about 940 or 950 logs. But in a question of this kind it is necessary to distinguish. Should a party stipulate for the performance of an entire service or contract, and then having but part performed it, voluntarily abandon the service, or leave the work unfinished or in such a state as to be useless, he could not claim to recover anything. So, if he obstinately and perversely refuses to go on and complete it when it is in his power, and when the other party requests it and offers to pay for it, as was the case in *Shaw* v. *The Turnpike Company*, (3 *Penn. Rep.* 445). But suppose the party acting honestly, and with a *bona fide* intention of fulfilling the contract, perform it substantially, but fails in some comparatively slight particulars, ought the other party to hold and enjoy the fruits of his labour and money, and time, without paying a fair compensation according to the contract, receiving credit for whatever loss or damage he may have sustained by these deviations? We think not. In those cases where the law allows the party to recover on a *quantum meruit*, or *quantum valebat*, where there is a special contract, this is the principle which applies. The party is allowed to recover, says Parker, C. J., in *Hayward* v. *Leonard*, (7 *Pick.* 187), in those cases only in which there is an honest intention to go by the contract, and a substantive execution of it, but some comparatively slight deviations as to some particulars provided for. Cases of fraud or gross negligence may be exceptions.

Now that may have been the case here, although by the omission of the plaintiff in error to return the evidence with the record, we cannot positively say so. It is sufficient, however, that the evidence so far as stated, justifies us in presuming it may have been the case, and it is so alleged by the defendants in error to have appeared. The contract was a very precise one; it specified not

[Preston v. Finney.]

only the number of logs and time of delivery, but the mode of cutting, and quality of them, the width to be not less than thirteen inches at the top end, and the smallest logs not to be crooked, to be sixteen feet long, and not to be split in getting them down the hill. If the plaintiffs really and *bona fide* endeavoured to fulfil the contract, and thought they had, but from accident or otherwise, some did not measure to the width provided for, and were rejected as defective too late in the season to supply them, and the deficiency was no more than a small proportion of the number stipulated, the rule laid down by the court would be a correct one, and it would be doing injustice for us to say it was not true as an abstract principle in all cases, without referring to the circumstances of each particular case. For these reasons we think the judgment should be affirmed.

Judgment affirmed.