Hon. STEPHEN ROYCE, CHIEF JUDGE.
Hon. ISAAC F. REDFIELD, }
Hon. PIERPOINT ISHAM,   } ASSISTANT JUDGES.

---

DAVID J. MERROW *v.* JAMES HUNTOON AND WILLIAM C. DOW.

### *Pleading.    Contract for labor, &c.*

The defendants plead, in abatement, the pendency of another suit, for the same cause of action, the plaintiff in his replication, denied that the suit was for the same cause of action, and concluded with issue to the country; to which defendants demurred. On the trial on demurrer, *it was held,* that the replication properly tendered the issue to the country, containing as it did, matter of fact, as well as law.

It is well settled in this State, that in an entire contract for work, to be performed upon certain terms and conditions upon the land or buildings of the promisee, and which is performed, but not strictly according to the special stipulations,

XXV.    2

the laborer may nevertheless recover, upon a *quantum meruit* for the labor, and a *quantum valebat* for materials furnished, according to the price stipulated, in the special contract, deducting therefrom such damages, as the other party may have sustained, by the failure to perform the work strictly according to the contract. *Dyer* v. *Jones*, 8 Vt. 205; *Gillman* v. *Hall*, 11 Vt. 510.

ASSUMPSIT for work and labor done, &c. Plea the general issue and trial by jury. The defendants also plead, in abatement, the pendency of another suit for the same cause of action. The plaintiff, in his replication, denied that the suit was for the same cause, and concluded with issue to the country. To which defendants demurred.

Upon the trial, of the demurrer to the plaintiff's replication to defendants' plea in abatement, the court adjudged the replication sufficient, and that defendants answer over.

To which judgment and decision the defendants excepted.

Upon the trial, under the general issue, the plaintiff gave in evidence a contract between himself and the defendants, and also a contract therein referred to, between the defendants and Rutland & Burlington R. R. Co. By the terms of the first named contract, the plaintiff was to complete and do the work on or before the first day of October, A. D. 1849. And "to be under the same liabilities, obligations, and restrictions, in every particular in regard to. said work," that defendants are under, by contract with said Railroad Company. The defendants, by their contract with the plaintiff, were to pay, on or before the fifteenth of every month, from the engineer's estimate, fifteen cents per cubic yard for earth, and thirty cents for what is estimated as loose rock, "and by the completion of the work according to contract, defendants are to pay five cents per yard for earth, and seven cents per yard for loose rock additional, on the whole excavated, from the engineer's estimate." By the terms of the contract between defendants and the Railroad Company, the engineer, on failure to make and complete the work within the time fixed for its completion, is to assess such damages as he may think just and reasonable, &c.

The plaintiff also gave evidence tending to prove, that in pursuance of said first named contract, except as to time, he had excavated 25,390 yards of earth, and 531 yards of loose rock, and also that he had excavated in the course of said work 187 yards of solid rock, and the value of so doing; and that the whole was embraced, in the

final estimate made by the engineer of the said Railroad Company of the work performed under the second contract above mentioned.

The plaintiff also gave evidence tending to prove, that no allowance was made, by the defendants to the said Railroad Company, in consequence of the work not being done by the time specified in the contract.

The defendants offered evidence tending to prove, that a large part of the work so performed by the plaintiff, was performed after the first day of October, 1849 ; that on the second day of October, 1849, and at various times, before and after, they notified the plaintiff, and Jones & Dow, who were his assignees, to perform no more work under said first mentioned contract, and that if performed, they should not pay for it. They also produced the receipts of the plaintiff and his assignees for payments for said work, and it was admitted, that they paid in like manner, seven hundred dollars more, on the fourth day of April, A. D. 1850.

They also proved, that after the first day of October, 1849, they excavated and carried on to an embankment, which the plaintiff was to have made under his said contract, seven hundred yards of earth in addition to the work so performed by the plaintiff, which did not cost them more than twenty cents per yard, and that through the joint labor of both parties, the whole work was completed barely in season for the track layers.

The plaintiff then proved, that soon after the first day of October, 1849, the chief engineer of said Railroad Company assured him, that no advantage would be taken of his not having completed said work before, if it was in season for the track layers.

The defendants requested the court to charge the jury, that the plaintiff was entitled to recover but fifteen cents per cubic yard for the earth, and thirty cents for the loose rock excavated by him.

The court refused so to charge the jury, and instructed them, that the plaintiff was entitled to recover at the rate of twenty cents per cubic yard for the earth, and thirty-seven cents per cubic yard for the loose rock so excavated by him, and for the solid rock so excavated, what the jury should find the same reasonably worth, deducting the said payments, with interest on the balance for eighteen months. To this charge, and the refusal to charge as requested, the defendants excepted.

The jury returned a verdict for the plaintiff, and allowed him, among other things, eighty cents per yard for the solid rock so excavated.

*S. H. Hodges* and *E. L. Ormsbee* for defendants.

1. The plaintiff was not entitled to recover the additional compensation provided for upon " the completion of the work, according to contract." A full compliance with all the stipulated terms, including performance by the time limited, was expressly made a condition *precedent* to his receiving it. His explicit undertaking to have the work finished by the first day of October, 1849, controls any inference on that point, which might be drawn from the reference to the other contract. Chit. on Cont. 571. *Duckworth* v. *Alison*, 1 M. & W. 412. *Lord* v. *Belknap*, 1 Cush. 280.

The engineer had no authority to dispense with a punctual compliance, even under the contract with the Raiload Company; far less as between these parties. The Railroad Company might, indeed, waive it, accept the work, and pay the full price; but the defendants stipulated with the plaintiff, for a performance " according to the contract;" not to the acceptance of the Company, which might be a mere matter of favor.

The plaintiff may, under our recent decisions, rely upon a *quantum meruit;* but this gives him no new rights. He is restricted to the lower price, unless he shows himself entitled to the other, under the contract. *Hayward* v. *Leonard*, 7 Pick. 181. *Coon* v. *Greenman*, 7 Wend. 121. *Ladue* v. *Seymour*, 24 Wend. 60.

The defendants are entitled to have allowed them, what the jury should find the damage to be, for not performing in time. In lieu of this the parties, as they had a right to do, stipulated on the amount.

2. The plaintiff, was not entitled to an *extra* compensation for excavating solid rock, if to any. His compensation, was to be measured by the loose rock and earth excavated. The defendants, never agreed to pay him for the solid rock. To allow him an extra price for it, or any at all, is importing an entirely new stipulation into the contract; in fact making a new one between the parties. He certainly was entitled to recover for it, at no greater rate, than he had been allowed by the defendants. *Boyle* v. *Agawam Canal Co.*, 22 Pick. 381.

3. The plaintiff, should have concluded his replication to the plea in abatement, by taking issue to the court. The issue to the country, left the question, whether there was such a record as the one alledged, to be decided by a jury. 1 Chit. on Pl. 528 and case cited. *Buffum* v. *Tilton*, 17 Pick. 510.

*Edgerton & Allen* and *C. Linsley* for plaintiff.

1. The case shows, that the engineer expressly consented to defer the completion of the work, until such time as the road-bed would be required for the track layers,—that the entire work was completed by that time,—that it was all embraced and allowed to the defendants, in the engineer's final estimate of the defendants' work, under *their* contract with the corporation. And that the corporation, required no allowance from the defendants, in consequence of said work not being done earlier.

The defendants had no right to put an end to the contract, the plaintiff performed the work under it, and in accordance with its terms.

The " solid rock " is not mentioned in the plaintiff's contract; and was treated by the parties in the progress of the work, as appears from the receipts in the case, as a matter to be paid for, by the defendants. No price having been agreed upon for this part of the work, the *quantum meruit*, was properly left to the jury.

2. If we assume that there was not a strict compliance with the contract, on the part of the plaintiff, the situation of the parties was such, that they could not be placed " *in statu quo*," and for that reason a recovery should be had. *Dyer* v. *Jones*, 8 Vt. 205. *Gillman et al.* v. *Hall*, 11 Vt. 510.

The payments made for work from time to time, after the first of October, 1849, and while the work was in progress, show a waiver by the defendants of their notice, and intention to complete the contract.

The counsel for plaintiff, to sustain the replication to the plea in abatement, cited 3 Chit. on Pl. 905 note (d.) ; Ib. 1158 note (r.) ; 6 T. R. 607 ; 4 T. R. 146–7 note (a.) ; 1 Chit. on Pl. 632 note (4.)

BY THE COURT. We think the replication to defendants' plea in abatement, of the pendency of another suit for the same cause of action, denying, that the former suit was for the same cause of

action, properly tendered the issue to the country, containing, as it did, matter of fact, as well as law. We do not see why this is not as proper in such a case, as in a similar replication to a plea in bar, of a former recovery for the same cause of action. We think, according to the English precedents, it is not necessary to alledge the grounds of difference in the replication, as seems to be intimated in the case cited in argument. *Buffum* v. *Tilton*, 17 Pick. 510.

. In regard to the merits of this claim, it is perfectly well settled in this State, that in an entire contract for work, to be performed upon certain terms and conditions upon the land or buildings of the promisee, and which is performed, but not strictly according to the special stipulations, the laborer may nevertheless recover, upon a *quantum meruit* for the labor, and a *quantum valebat* for materials furnished, according to the price stipulated in the special contract, deducting therefrom such damages, as the other party may have sustained, by the failure to perform the work, strictly according to the contract. *Dyer* v. *Jones*, 8 Vt. 205. . *Gillman* v. *Hall*, 11 Vt. 510.

In the present case, the contract contains an express stipulation to the same effect; referring to the chief engineer of the road, to assess such damages as the company have sustained. We think the contract, of Merrow, and Huntoon and Dow, was made subject to the same condition.

The reservation of a portion of the price of the work, both in this contract, and in that between the company and defendants, was not intended, we think, to become a forfeiture in any event; unless the work was abandoned by the promisers, or resumed by the engineer, under the power reserved in the contract to him, to do so. For, every other failure to perform, the contract seems to provide the remedy by way of damages. And if the engineer is compelled to put on more force, in order to finish any section in time, the company are to be paid what it costs. It does not appear that the defendants suffered any damage, by plaintiff's failure to perform the contract according to its terms. And the evidence showed, that the Railroad acquiesced in the delay of time. We think, therefore, the plaintiff was entitled to recover the sums kept back.

In regard to solid rock, the contract is silent; but the contract of the parties showed, that it was expected the plaintiff would be paid

for that kind of excavation beyond the price fixed for loose rock, and it must have been left to the jury to estimate the value, as the parties had fixed no absolute price. But it seems almost certain, they expected the price to be in the same ratio of the other prices, and the jury have very nearly taken that, as their guide. We see no objection to the charge upon this point.

The notice given by defendants to plaintiff to quit the work, does not seem to have been persisted in. For the plaintiff not only continued to work, but the defendants continued to pay him.

Judgment affirmed.