GEORGE TAYLOR, Plaintiff in Error,

*vs.*

JUSTIN F. WILLIAMS, Defendant in Error.

ERROR TO THE DANE CIRCUIT COURT.

Where a party for whom a house had been built under a special contract, entered into possession of the house upon its completion; *held,* that though the work was not done according to the contract, by thus accepting it and taking possession, he virtually admitted it was of some benefit to him, and that the builder was entitled to some compensation.

Where work, which was to be performed in the manner, and within the time specified in a written contract, was not done within such time, nor precisely in such manner, yet if it be accepted and used, the workman is entitled to recover a *quantum meruit.*

The action was brought in the circuit court of Dane county by the defendant in error against the plaintiff in error upon a certain contract in writing between the parties, in and by which Taylor agreed to put up and build and finish on the outside and inside a dwelling house particularly described in, and according to a plan annexed to, said contract, and to have the house completed by the 15th of June then next, (1855,) the house to be located on the spot to be designated by Williams. The consideration for building the house was four hundred dollars, to be paid by said Williams as follows: 2 one horse democrat wagons, with half springs under the body and seat, set upon iron legs, to be well made of good materials, at 55 dollars each at the shop; the balance in such wagons as Taylor should order before the first of June (then) next; and if he should not order any, the balance to be paid in good substantial 2 horse lumber wagons, all to be done by the first of June, and sent forward to said Taylor as soon as possible after that time. The declaration alleged performance on the part of the

plaintiff, but that defendant did not, nor would, build the house according to the agreement, with good and proper materials, and in a sound, substantial, and workmanlike manner, but on the contrary he built it differently from, and contrary to the agreement, and with bad and improper materials, and in a slight, weak, unartificial and unworkmanlike manner. Also the declaration alleges that the defendant is indebted to the plaintiff in the sum of $67.75 for goods, &c., as per account rendered, attached to the declaration.

The answer of the defendant denies performance on the part of the plaintiff: says he was willing to perform the contract on his part, but that the plaintiff did not designate a site for the house to enable him to build it. After the time had so elapsed without building the house, he made a new verbal agreement with plaintiff to build him a house, which he did; denies that he built the same with improper materials, or that it was erected in an unartificial and unworkmanlike manner. Sets up a counter claim against the plaintiff for work and labor, goods, &c., for which he renders a bill also.

Upon the trial it appeared in evidence that the defendant did build a house for plaintiff, which he commenced subsequent to the expiration of the written contract, into which the plaintiff afterwards moved and occupied. There was considerable testimony as to the character of the house, and in depreciation thereof, and of the materials of which it was composed. Samuel Drake, a carpenter, testified that he saw the house after Williams went into it; the middle bent was braced and secured, sprung a little; the roof was poor, and clapboards were poor, and windows were wrong, and the roof leaked; that the defendant did not put the doors and windows in, and did not lay the floors; that he did not finish the roof; that the cellar was poor, and the lumber the poorest lot the witness ever saw in his life.

The defendant called John Delamater, who testified that he had made an estimate of the cost of the house, and thought it would cost $450.

The court below charged the jury that if the contract was made between the parties, and the time was out under the con-

tract, it did not rescind the contract, nor would the abandonment of the first site selected for the house operate as a rescision of the contract. And did further charge said jury, that if the plaintiff had any claim on the defendant for the advances and wagons, &c., made to the defendant on this contract, that they might find a verdict for the same ; that such question he left for their consideration. To all of which said instructions, and particularly the latter portion thereof, the defendant excepted. And thereupon the said cause was submitted to the jury, who returned a verdict in favor of the said plaintiff, for two hundred and eighty-six dollars and twelve cents.

*S. U. Pinney*, for plaintiff in error.

*By the Court*, COLE, J.    We do not see how the instructions of the court given to the jury in this case can be sustained. The court charged the jury that if the plaintiff had any claim on the defendant for the advances and wagons, &c., made to the defendant on the contract, that they might find a verdict for the same.    The suit was brought on a written contract between the parties in which Taylor had agreed to build a house, for Williams, of certain dimensions, and in a certain manner, and have the same completed by the 15th of June, 1855.    Williams was to pay for the house in wagons, and to designate the lot upon which the house was to be erected.    It seems the house was not built according to contract, but Williams took possession of the house, completed it, and went to living in it.    In accepting the work done, the plaintiff below admitted that it was of some benefit to him, and that Taylor was entitled to some compensation.    *Lucas vs. Goodwin*, 3 Bing. N. C. 737; same case 32 Eng. C. R., 309; *Burn vs. Miller*, 4 Taunt., 745; 2 Story on contracts, section 977*a*; 2 Greenl. Ev., section 104; *Hayward vs. Leonard*, 7 Pick., 182; 2 Parsons on Cont., p. 35, note "*d*."    We think the court

should have instructed the jury that they were to credit Taylor for the reasonable value of the benefit, which on the whole, Williams derived from the work which had been done by the defendant below; and this should be deducted out of the claim of plaintiff below for advances on wagons, &c., made on the contract.

This is the only point in the case we deem material and necessary to be noticed.

Judgment of the circuit court reversed, and new trial ordered.