CASE 25—PETITION EQUITY—JANUARY 2.

# Meyar vs. Meyar.

**APPEAL FROM CAMPBELL CIRCUIT COURT.**

The court rendering a judgment of divorce from the bond of matrimony may award a new trial or rehearing upon sufficient grounds, within the time and in the manner allowed by law in other cases. Neither reason nor policy demands that judgments of divorce should be exempt from the general law applicable to new trials. And this, though the party divorced marry another after the judgment, and before the motion for a new trial.

The power to annul a judgment for a divorce upon the application of both parties was conferred by the Revised Statutes; but no particular form of proceeding was required. To supply this defect *section* 463 *of the Civil Code* was enacted, and was designed but for one end, viz: to prescribe a form of proceeding in cases where both parties desired the annulment of the divorce, so as to prevent any fraud or imposition on the court to which the application was made; it does not deprive the court rendering the judgment of divorce, of the power to grant a new trial or rehearing, upon sufficient grounds presented within the time and in the manner allowed by law in other cases.

*Quere.* Can the husband proceed against the wife, as a non-resident, and, upon constructive service, obtain a divorce? If so, the defendant is entitled to all the protection afforded to defendants constructively served by *section* 445 *of the Civil Code,* which allows a re-trial upon the terms therein specified. If *not,* the judgment is void or want of actual service.

a suit for a divorce the husband must pay the wife's costs, including her attorney's fee, unless she is in fault, and has ample estate to pay the same.

STEVENSON & MYERS, for appellant, cited *Rev. Statutes*, *chapter* 47, *art.* 3; *Civil Code, sections* 457, 458, 459; 7 *Dana*, 186; *Civil Code, section* 16; *Rev. Statutes, (Stanton's,)* 1 *vol., chap.* 27, *page* 303; *Bascom vs. Bascom,* 7 *Ohio;* 6 *Ohio,* 64; 9 *Ohio State report,* 535; 3 *Gray,* 136; 2 *Ib.,* 361; *act of March* 10*th,* 1854, 2 *Stanton's Rev. Statutes,* 29; *Civil Code, sec.* 463; *Ib., sec.* 440; 1 *Met.,* 333; 4 *Litt.,* 252; 5 *Dana,* 499; 2 *Rev. Statutes, (Stanton's,) page* 20; *Ib.,* 22; *Civil Code, sections* 464, 475, 476, 477, 478, 479; 15 *Ohio,* 405; 7 *Peters,* 348.

F. M. WEBSTER, for appellee, cited *Civil Code, sections* 445, 450, 446.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

In May, 1859, appellant brought his suit in equity in the Campbell circuit court, against appellee, his wife, to obtain a divorcé *a vinculo,* upon the ground of abandonment without cause for more than three years.

He alleged a residence in this State for a year next before the bringing of the suit; that the abandonment had occurred in Kentucky, and also that the cause of divorce had transpired within five years next before his petition was filed. An affidavit was filed by his attorney, stating that the plaintiff was absent from the county, and that the defendant was a non-resident of the State, and thereupon a warning order was entered by the clerk against the defendant, and an attorney appointed to defend.

In August, 1859, without any report by the attorney for the non-resident, the cause was heard upon the petition and depositions, and a judgment of divorce, from the bonds of matrimony, rendered in favor of appellant.

In February, 1860, the appellee, Mrs. Meyar, appeared in Court, tendered a bond with surety for costs, offered to file an answer to the original petition, and moved a re-trial of the cause. Upon this motion, which was resisted by the appellant, the bond for costs was accepted, the answer allowed to be filed, and a re-trial of the cause ordered, to all of which appellant excepted.

Meyar vs. Meyar.

In July, 1860, appellant filed an amended petition, in which he alleged, that in October, 1859, after the rendition of the former judgment, he had intermarried with another woman, and he therefore denied the power of the court to disturb the said judgment.

In August, 1860, the cause was tried, and appellant's petition was dismissed with costs, and he ordered to pay to appellee's attorney a fee of twenty-five dollars. From this judgment he has appealed, and relies for reversal upon the following grounds:

1. That the judgment of August, 1859, was upheld by the testimony, and was not only regular, but was final and conclusive between the parties; and, moreover, that after the expiration of the term at which it was rendered the court had no power to disturb it—except upon the joint petition of the parties seeking its annulment in the mode prescribed by the Civil Code, (*section* 463;) and

2. That the court erred in rendering a judgment for the attorney's fee of Mrs. Meyar against appellant.

The section of the Civil Code, *supra*, provides that "the proceedings for annulling a final judgment for a divorce from the bond of matrimony, shall be a joint petition of the parties, verified by both parties in person, filed in the court rendering the judgment, upon which the court may forthwith annul the divorce."

It is contended that the prescription of this mode of procedure in such cases not only effectually precludes every other mode, but also deprives the court rendering the judgment of divorce of all power to grant a new trial therein after the expiration of the term at which it was rendered.

Conceding, as we do, that no other form of proceeding is permissible in the class of cases referred to in the section, it by no means follows that the court rendering the judgment may not, in such cases, award a new trial or rehearing upon sufficient grounds presented within the time and in the manner allowed by law in other cases.

We cannot believe that the legislature intended, by the section in question, to deny to litigants in divorce cases the rights

and privileges extended to litigants in other cases ; or to say, in effect, that a judgment for a divorce—though irregular, erroneous, and fraudulently obtained—is, after the expiration of the term, irrevocable and beyond the power of the court, although ample grounds are made out for a new trial as prescribed by the law, in reference to new trials generally ; or that, to reach such judgment, the party complaining must obtain the assent of the opposite party, and procure him or her to unite in a petition to have it vacated.

Such a construction of the section would often work great injustice, and also lead inevitably to the perpetration of the grossest frauds in the obtention of divorces.

Neither reason nor policy demands that judgments of divorce should be exempt from the general law applicable to new trials. The law does not favor divorces, and there is a special reason for affording to courts having jurisdiction in such cases every possible means of preventing frauds, and correcting any error or injustice committed in the judgment that may be complained of. No appeal lies from a judgment of divorce, and unless the wrong done can be righted by the court committing it the party injured is without redress.

In our judgment the section, *supra,* was designed but for one end, and that was to prescribe a form of proceeding in cases where both parties desired the annulment of the divorce, so as to prevent any fraud or imposition on the court to which the application was made.

The power to annul such judgments, upon the application of both parties, was conferred by the Revised Statutes. (*2d vol., Stanton's ed., page* 20.) But no particular form of proceeding was required. To supply this omission the section referred to was enacted, and to prevent fraud, even in such cases, the petition must not only be joint, but it must be verified by the personal affidavit of both parties.

It seems to us that the court had the power in this, as in any other case, to award a new trial or rehearing upon sufficient grounds, properly presented within due time ; and we must now inquire whether the application of the appellee entitled her to a re-trial of the case.

She was proceeded against as a non-resident defendant, and not having appeared to the action before judgment, was consequently entitled to all the rights of any other defendant constructively served.

*Section* 579, *of the Civil Code*, provides, that' "the court in which a judgment or final order has been rendered or made, shall have power, after the expiration of the term, to vacate or modify such judgment or order," in several modes therein enumerated, and among others: "By granting a new trial for the cause and in the manner prescribed in *section* 373," and "by a new trial granted in proceedings against defendants constructively summoned, as prescribed in *chapter* 1 *of title* 10."

*Section* 445, of *chap.* 1, *title* 10, says, that "where a judgment has been rendered against a defendant or defendants constructively summoned, and who did not appear, such defendants, or any one or more of them, may, at any time within five years after the rendition of the judgment, appear in court and move to have the action re-tried; and security for costs being given, they shall be admitted to make defense; and thereupon the action shall be re-tried as to such defendants, as if there had been no judgment, &c."

Now, if appellant had the right to proceed against appellee as a non-resident, and, upon constructive service, to obtain a divorce—a point not now decided—it is clear that appellee was entitled to all the protection afforded to defendants constructively served, by *sec.* 445, *supra*. And it is further manifest, that she complied fully with the requisitions of the section, by appearing within the proper time and tendering the requisite bond with security for costs, &c.

But, supposing that appellant was not authorized to proceed by constructive service for a divorce, it is equally clear that his judgment was, for want of actual service, wholly void.

Appellee was, however, entitled to a new trial under *section* 373. It is obvious not only from the affidavits filed, but also from the record, that she knew nothing and could have known nothing of the judgment until after it was rendered, and abundantly shown by the affidavits that the grounds set up in

Meyar vs. Meyar.

the original petition for a divorce did not exist. Appellant was in court when the application for a new trial was made, and neither objected to the form in which it was presented, nor to the affidavits read in its support. His exception went only to the order granting the re-trial.

Upon the merits of the case but little need to be said. The evidence proves beyond doubt that appellant had not been resident in this State a year next before the suit was brought; and moreover, not only disproves that any abandonment had occurred in Kentucky, but also shows that it had not occurred any where. The abandonment, if there was any, was committed by the husband and not by the wife.

With the consequences that may result to others from the judgment complained, of, we have nothing to do. If wrong has been done, it is attributable alone to appellant's conduct.

As to the allowance of the attorney's fee, no error was committed. It was for compensation for services after the appearance of appellee, and in a divorce case. The *32d section Revised Statutes*, in relation to costs, expressly provides, that "in suits for alimony and divorce the husband shall pay the costs of each party, unless it is made to appear that the wife is in fault, and has ample estate to pay the same." The cases of *Ballard vs. Caperton*, (2 *Metcalfe*, 412,) and *Monroe vs. Williams*, (18 *B. Mon.*, 518,) furnish ample authority for the allowance in question, and in no wise conflict with *Cabell vs. Cabell* (1 *Metcalfe*, 319,) which relates to a different state of case altogether.

No error is perceived in the judgment complained of, and it is *affirmed*.