We can discover no error, and the judgment is affirmed, with costs.

---

## MALBON et al. *vs.* BIRNEY.

APPEAL FROM CIRCUIT COURT, LA CROSSE COUNTY.

Heard January 25.]            [Decided May 4, 1860.

### Contract—Lien—Performance.

K. contracted to build a house complete for B., but after doing a small part of the work, he abandoned it, without any default of B., and B. entered upon the premises and completed the work, making use of the unfinished job of K.: Held, that K. could not recover for what he had done.

So M., who had furnished lumber to K., which he had used in the construction of the building voluntarily abandoned, cannot recover against B., as a sub-contractor under K., by virtue of the lien law.

*Taylor vs. Williams,* 6 Wis., 363, considered and distinguished.

This was an action brought by Daniel Malbon and William H. J. Nichols, against John W. Birney, to enforce a lumberman's lien on the defendant's premises, on account of lumber furnished to one Kennedy for the purpose of building a house on the premises. The complaint averred that Kennedy was the builder and contractor, and the lumber, $126 worth, was furnished to him and used in the building; that Birney was

notified, and at the time of the notice Birney was indebted to Kennedy an amount greater than the plaintiff's claim. The answer put the complaint at issue. The nature of the contract with Kennedy and the facts proved, will readily be gathered from the opinion of the court. The circuit judge instructed the jury as follows:

When materials are furnished by a sub-contracter for a building, and the owner resides out of the state, it is a sufficient compliance with the law requiring the said sub-contractor, in order to have or possess any lien upon said building for material furnished, to give notice in writing to the owner, or his agent, within thirty days after having furnished materials, that he had so furnished materials, and that he claimed the benefits of the lien granted by the — chapter of the Revised Statutes of 1849, entitled, "of the lien of mechanics and others," to mail such notice in writing to said owner at his place of residence. And if they believe from the evidence, that the defendant took possession of the house after Kennedy left it and went on and finished it in whole or in part and occupied it, that he would be liable to pay, if they were otherwise entitled to recover, whatever sum the work and materials were reasonably worth, which were furnished by said Kennedy at the time he quit the job, compared with the price which he agreed to pay by the written contract, although the contract had never been fulfilled by said Kennedy. And if the jury believed that the defendant stated to one of the plaintiffs that the notice was directed right, the jury must take that testimony into consideration with the rest of the evidence in the case, in regard to the sufficiency of the notice.

The jury returned a verdict for the plaintiff for $86 41 damages, on which judgment was rendered, and from which the defendant appealed.

*Johnson & Cameron,* for the appellant.

*Loomis & Hubbard,* for the respondent.

*By the Court,* COLE, J.—On the trial of this cause the circuit court, among other things, instructed the jury, " that if they believed from the evidence, that the appellant took possession of the house after Kennedy left it, and went on and

finished it in whole or in part, and occupied it, that he would be liable to pay (if they were otherwise entitled to recover), he respondents, whatever sum the work and materials were reasonably worth, which were furnished by said Kennedy, at the time he quit the job, compared with the price which he agreed to pay by the written contract, although the contract had never been fulfilled by Kennedy."

We consider this instruction incorrect, when applied to the facts and circumstances of this case.

The respondents sought to recover for lumber furnished to one Kennedy, who had contracted to build a dwelling house and other buildings for the appellant, and they claimed the benefit of the mechanic's lien. It appears that Kennedy and the appellant had entered into a written contract, by which the former agreed to build for the latter a dwelling house and stable, according to a certain plan and specifications; that after Kennedy had laid the foundation of the house, and put up the frame, he abandoned the contract altogether. It is not very clear how much labor Kennedy had performed upon the house, or how much lumber he had put into it, before he abandoned the contract, but it was an inconsiderable part of what was necessary to be done or furnished, in order to complete the dwelling. After the contract had thus been totally abandoned by Kennedy, the appellant made a contract with another party, who went on and completed the house. And from the circumstance that the appellant did go on and finish the building, availing himself of the materials which had been furnished for, and of the work which had been done upon it, the circuit court held that he was liable to pay the respondents whatever sum the work and materials were reasonably worth, which were furnished by Kennedy at the time he abandoned the contract, as compared with the price he had agreed to pay, although the contract had never been fulfilled by Kennedy. It appears to us that this is going fur-

ther than any well considered case we have been able to find has yet gone upon this branch of the law. It is not claimed that the respondents stand in any better situation in regard to this contract than Kennedy himself would have stood. And if Kennedy could not have recovered, on a *quantum meruit* for his labor, and on a *quantum valebant* for the materials, the respondents ought not to sustain this action. It is clear to our minds that Kennedy, under the circumstances would not be permitted to recover remuneration *pro tanto* upon his contract. He had undertaken, and agreed to build a house at a certain time, and in a certain manner, and was to receive one thousand dollars for the erection of the building, which money was to be paid in two payments, five hundred dollars at the time the building was completed, and the remainder in three months thereafter. Having furnished some of the materials, laid the foundation, put up the frame, and done an inconsiderable portion of the work necessary to be done, in order to complete the building, he voluntarily abandoned his contract. Not being prevented from performing his entire contract by any fault of the appellant, and being himself in default, ought he to take advantage of his own wrong, and recover full compensation for what he had done, because the appellant went on and completed the house. It may be said that the appellant ought not to avail himself of the benefit of what had been done upon the contract, without paying what it was reasonably worth. But what was the appellant to do? Abandon his building site entirely? Could he not complete his house upon his lot, and even upon the foundation laid, without rendering himself liable to pay his defaulting contractor for what he had done? We think he might. It might have been a great injury to him to have his contract abandoned. He possibly might not be able to make another one so favorable to him. And the loss which he might have sustained upon this ground, might have been

greater than any benefit which he received from the work which had been done and materials furnished. Notwithstanding these natural consequences, the circuit court held that the appellant was liable to pay the respondents whatever sum the work done, and materials furnished, were reasonably worth, because he took possession of the house after Kennedy left it, and went on and finished it. It is true there are cases which establish the doctrine that when a party makes a special agreement to erect a building, or build roads and bridges, within a fixed time, and fails to do it in the manner, and within the time agreed, yet if he acts in good faith, and substantially executes the contract, and the other party receives the benefit of the work which is done, the law implies a promise by him to pay such sum therefor, as the benefit which he receives is reasonably worth to him.

In the case of *Taylor vs. Williams*, 6 Wis., 363, where there had been a substantial execution of the contract, but there were some defects in the materials furnished, or in the construction of the building, yet Williams took possession of the house and completed it, this court held that he was to pay a reasonable sum for the benefit which he had derived from the work done by Taylor. We followed the rule laid down in *Hayward vs. Leonard*, 7 Pick., 181, which we considered reasonable and proper. See also 2 Smith's Leading Cases, *Cutler vs. Powell*, and notes to that case; *Smith vs. The Proprietors of the First Congregational Meeting House*, 8 Pick., 178; *Lord vs. Wheeler*, 1 Gray, 282.

But this case is clearly distinguishable from those cases, since here there has been no execution of the contract, Kennedy having abandoned it voluntarily before he had performed any considerable part of it. We, therefore, do not think that either he or the respondents should recover for the labor which was done, or the materials which were furnished toward the erection of the building.

It follows from these views that the judgment of the circuit court must be reversed, and the cause remanded for further proceedings.