HARRISON G. OTIS & al. versus $\left\{ \begin{array}{l}\text{MARSHALL FORD AND} \\ \text{JOHN NASH, } \textit{Trustee.}\end{array} \right.$

Same        *versus*        Same.

If a person contract to perform a job for another at a stipulated price, payable when completed, the employer cannot be held as trustee to the employed if the latter abandon the work before its completion.

ON EXCEPTIONS from *Nisi Prius*, WALTON, J., presiding. TRUSTEE PROCESS.

The alleged trustee disclosed — that he contracted with the principal defendant to repair the sills of a store on Main street, in Lewiston, and remove it to a lot on Lisbon street, place it in its proper position, and to level and plumb it; for which the defendant was to receive $300 when the work was completed and not before. That, in pursuance of said contract, the defendant removed the building in two parts upon the lot in Lisbon street, but did not place the separate parts thereof in proper place or position, and level and plumb the building according to the contract, but left the two parts not in a line with each other, but out of position, and without leveling or plumbing the same. While the building was in this condition the alleged trustee was served with the writ in these actions, whereupon the defendant abandoned the work and refused to complete the same; by reason of which the alleged trustee was obliged to procure and did procure other persons to complete it.

The presiding Judge charged the trustee upon his disclosure and the latter alleged exceptions.

*S. & J. W. May*, in support of the exceptions, cited *Faxon* v. *Mansfield & Trustee*, 2 Mass., 147; *Marshall* v. *Jones*, 11 Maine 54.

*C. W. Goddard*, for the plaintiff.

DICKERSON, J. — Exceptions to the ruling of the presiding Judge, charging the trustee. Both cases depend upon

substantially the same facts. The disclosure of the trustee, being uncontradicted, must be taken as true. The trustee contracted with the principal defendant to do a job of work for him at a stipulated price, to be paid upon the completion of the work. The trustee process was served upon the trustee while the principal defendant was in the act of performing the contract, and before he had completed it. Thereupon he abandoned the work, and refused to complete it. Subsequently to this the trustee finished the work himself.

By the terms of the contract the price was payable upon the completion of the work. There was, therefore, nothing due from the trustee to the principal defendant, when service of the trustee process was made upon him; *non constat* that there ever would be. Ford could not maintain an action against Nash, either on the express contract, because he had not performed his part of it, or upon a *quantum meruit*, since, at the time of the service of the trustee process, there had been no abandonment of the contract by the principal defendant, and no acceptance of the work by the trustee.  *Exceptions sustained.*

*Trustee discharged.*

APPLETON, C. J., CUTTING, KENT, WALTON and TAPLEY, JJ., concurred.