CLARENCE H. CARPENTER AND FRANK F. CARPENTER, Co-partners, *vs.* JOHN GAY.

A person making the statutory affidavit cannot be charged by garnishment unless the principal debtor has a cause of action against him.

Hence where M. contracted with G. to build a house and was to receive certain sums at certain stages of the work and the balance of the contract price at its completion; it appearing that M. had received all moneys due under the contract up to the time of suit brought, that he had then abandoned the work and that G. had claims against him for the violation of the contract:

*Held*, that M. had no right of action against G. for the excess of the contract price over the amounts paid him by G. and G.'s claims against him.

*Held*, further, that G. was not liable as the garnishee of M.

CASE against the defendant as garnishee. Heard by the court, jury trial being waived.

*March* 1, 1879. MATTESON, J. The plaintiffs sue to recover money which they claim to have attached in the hands of the defendant as the trustee of one John McBain. The plaintiffs brought suit on the 26th of January, 1876, in the Court of Common Pleas for the county of Providence, against McBain, and on the following day caused the writ to be served upon the defendant for the purpose of attaching the personal estate of McBain in the hands of the defendant as his trustee. At the December term, 1877, of the Court of Common Pleas, the plaintiffs obtained judgment against McBain for $2,200 and the costs of the suit. The defendant made affidavit in the suit against McBain, in which he denied that he had any estate or property of McBain in his hands or possession, at the time of the service of the writ upon him. The plaintiffs filed interrogatories to the defendant, and his answers to these disclose the following facts : McBain made a contract with the defendant, dated September 9, 1875, by which he agreed to furnish the materials for and to build a house for the defendant, according to certain plans and specifications, which was to be completed by the 16th day of February, 1876. The price of the house was to be $6,400, $1,000 of which was to be paid when the house was raised and boarded, $700 when it was lathed, $600 when it was plastered and dry, $1,500 on the 18th of January, 1876, and $500 when the house was completed, at which time the defendant was also to give to McBain his promissory note for $2,100, payable in one or two

years, with interest at eight per cent. per annum, payable semi-annually, and secured by mortgage upon the house. McBain began and prosecuted the work till about the 27th of January, 1876, the date of service of the plaintiffs' writ against him, and then abandoned it, leaving the house about three quarters finished. The defendant had paid him prior to that date on account of the work and under the contract, $3,800. The defendant afterwards proceeded with the building, and completed the house on the 1st of May, 1876. The sums paid by the defendant in completing the work amounted to $1,307.79. Besides those, he claimed that there should be allowed to him $200 for the loss of use of the house by reason of the delay in finishing it between the 16th of February, 1876, the date fixed in the contract for its completion, and the 1st of May, 1876, when it was completed, and also a further sum of $300 for the time spent by him in buying materials and superintending the work. Deducting these several amounts and the sums paid McBain before abandoning the work, from $6,400, the contract price of the house, there remains a balance of $792.21. It is this balance which the plaintiffs seek to recover in the present suit.

To charge a person as trustee the principal debtor must have a cause of action against him. *Faxon* v. *Mansfield*, 2 Mass. 147, 148 ; *Maine Fire & Marine Insurance Company* v. *Weeks*, 7 Mass. 438, 439 ; *Robinson* v. *Hall*, 3 Met. 301, 302 ; *Kettle* v. *Harvey*, 21 Vt. 301, 305 ; *Otis* v. *Ford*, 54 Me. 104, 105. Unless, then, McBain could have maintained an action, upon the facts stated, against the defendant, the plaintiffs cannot recover. We do not think he could. He could not have sued upon the contract, for he did not complete the house, but abandoned it when only about three quarters of the work had been done. All sums which had become due under the contract had been paid. He was entitled to no further payment till he had finished the house. The completion of the house by him was, therefore, a condition precedent to his right to recover on the contract. Nor could he have recovered upon the general counts in *assumpsit*, or on a *quantum meruit* for work done, or *quantum valebant* for materials furnished. There are cases, indeed, relating to the erection or reparation of buildings, or the making of improvements on land, in which, though the contract was not performed within

the time, or in the manner stipulated, yet, the defendant having received a benefit from the work done, or materials furnished, the plaintiff has been permitted to recover such sum as the benefit was reasonably worth, the amount being ascertained by deducting from the contract price the loss or damage resulting to the defendant from the non-performance of the contract within the time, or the cost of completing the contract according to its terms.   It will be found, however, upon examination, that these are cases in which there has been an honest intention to conform to the contract and a substantial execution of it, the deviations being in some comparatively unimportant particulars.   The right to recover does not extend to cases like the present, in which the contractor has, without necessity, or other legal excuse, voluntarily abandoned the work.   In such a case he is without a remedy. The cases are not free from conflict, but we think that the views we have expressed are sustained by a decided preponderance of authority, and particularly by the later decisions.   Among the cases supporting them may be cited *Faxon* v. *Mansfield*, 2 Mass. 147, 148; *Hayward* v. *Leonard*, 7 Pick. 181, 187; *Smith* v. *First Congregational Meeting-house in Lowell*, 8 Pick. 178, 181; *Snow* v. *Inhabitants of Ware*, 13 Met. 42, 48, 49, 50; *Veazie* v. *Hosmer*, 11 Gray, 396, 397; *Walker* v. *Inhabitants of Orange*, 16 Gray, 193, 194; *Reed* v. *Inhabitants of Scituate*, 5 Allen, 120, 123; *Dyer* v. *Jones*, 8 Vt. 205, 206; *Gilman* v. *Hall*, 11 Vt. 510, 514; *Kettle* v. *Harvey*, 21 Vt. 301, 304; *Merrow* v. *Huntoon*, 25 Vt. 9, 14; *Jewett* v. *Weston*, 11 Me. 346, 349; *Morris* v. *School District* 1 *in Windsor*, 12 Me. 293, 296; *Jewell* v. *Schroeppel*, 4 Cow. 564, 566; *Smith* v. *Gugerty*, 4 Barb. S. C. 614, 615, 619, 620; *Pullman* v. *Corning*, 14 Barb. S. C. 174, 179, 180; *Harris* v. *Rathbun*, 2 Ab. Ct. App. Dec. 326, 332; *Crane* v. *Knubel*, 61 N. Y. 645; *Preston* v. *Phinney*, 2 W. & S. 53, 55; *Wade* v. *Haycock*, 25 Pa. St. 382, 383; *Newman* v. *McGregor*, 5 Ohio, 349, 351; *Taylor* v. *Williams*, 6 Wis. 363, 365; *Malbon* v. *Birney*, 11 Wis. 107, 110, 111; *Dermott* v. *Jones*, 2 Wall. 1, 9.                    *Judgment for the defendant for his costs.*

*Elisha C. Mowry*, for plaintiffs.

*A. & A. D. Payne*, for defendant.