## F. G. SCOFIELD *v.* F. M. GROW.

*Entire contract. Part performance.*

A contract by which the plaintiff agreed to do $60 worth of work for the defendant, is not so far entire that the plaintiff cannot recover anything without a full performance on his part.

General assumpsit. Heard at the September term, 1890, Taft, J., presiding, upon the report of a referee. Judgment for the defendant. The plaintiff excepts.

The plaintiff sought to recover for work done under a certain contract. The contract was in writing and as follows:

"Rutland, Vt., Sept. 14, 1887.

I hereby agree to do Frank M. Grow $60 worth of work in painting signs, $30 of it in cash and $30 to go towards an organ which he is to pay, the balance when he takes it—the organ. He is to furnish team, paint, and everything except the boards for small signs, while I am to furnish boards, and he is to paint them for 12½ cents apiece, small signs on fences, stones, etc., at the same price, and one at Fair Ground fence, 8x40, background with shaded letters, for $8, and furnish everything, and two signs 8x10 feet at $5 apiece, and other work accordingly."

The referee reported that the plaintiff had done work under this contract to the amount of $44.24, and received upon the same $8.35 in cash. That the plaintiff did not ask for more work to do, and the defendant did not ask him to do more.

*Butler & Moloney,* and *F. D. White,* for the plaintiff.

The written contract was not entire.

*Booth* v. *Tyson,* 15 Vt. 517; *Hale* v. *Brown,* 59 N. H. 551; *Taylor* v. *Gallup,* 8 Vt. 340; *Oil Co.* v. *Brewer,* 66 Penn. St. 351; *Moore* v. *Bonnet,* 40 Cal. 251; *Badger* v. *Titcomb,* 15 Pick. 413. *Attix* v. *Pelan,* 5 Iowa 336.

*Howe & Cooledge,* for the defendant.

The contract was entire.
*Brandon Mfg. Co.* v. *Morse,* 48 Vt. 322.

The opinion of the court was delivered by

ROSS, Ch. J.   This case presents the single question, whether the contract, found by the referee, is so far entire in its nature, that the plaintiff can recover only upon a full performance of the amount of work called for by it.   In general terms, the contract binds the plaintiff to perform $60 worth of work for the defendant.   It is not specific in regard to the time of performance, nor in regard to only a portion of the work to be performed.   Whether the plaintiff should be paid partly in an organ, depended upon whether the parties could agree upon a contract, by which the plaintiff should purchase an organ of the defendant.   Considerable of the contract, on both sides, was left for further stipulations or directions.   What is written is not put in the most clear, and intelligible form.   It contains no stipulation that a full performance by the plaintiff shall be a condition precedent to his right to recover for what he may have done in part performance ; nor, do we think, that the nature or terms of the contract, raise a strong implication of such a condition.   By his specification the plaintiff claimed to have fully performed, on his part.   But the referee has found that he had not fully performed.   Neither does it appear that the defendant had ever called upon him to perform any further.   Some of the work done, was performed under modifications of the contract, agreed upon between the parties.   The true rule, governing this class of contracts, we think, is stated in *Booth* v. *Tyson,* 15 Vt. 515.   After reviewing the cases to some extent, Judge Redfield, in summing up, says : "The principle of these cases seems to be, that, although the contract is, in one sense, entire, *i. e.,* full performance on the part of the promisor is of the consideration of the contract, yet, if it contains, neither expressly

or by strong implication, a condition of full performance, precedent to any right of claim for pay, and is of a uniform nature, and thus capable of just apportionment, the court will consider the promises independent and apportionable, and suffer a recovery for part performance, subject to a deduction for whatever damages the party entitled to claim full performance, may have sustained." It is evident that the defendant may avail himself of the damages sustained by him, from the plaintiff's failure fully to perform, by recoupment, or by a declaration in set-off. *Brandon Manufacturing Company* v. *Morse*, 48 Vt. 322, relied upon by the defendant, is an instance of the last part of the rule stated in *Booth* v. *Tyson*. The plaintiff had paid the defendant for what he had done under the contract, as the work progressed, and was allowed to recover for damages sustained by failure of full performance. It confirms, rather than militates against the doctrine of *Booth* v. *Tyson*. The report of the referee does not show that defendant claimed any damages for the failure of the plaintiff fully to perform his part of the contract. The plaintiff had performed so far as he had been called upon to do so, and had performed all the work specified in the contract. On these facts and principles, we think the plaintiff is entitled to recover the amount found due him by the referee.

*Judgment reversed, and judgment for the plaintiff for the amount reported with interest and costs.*